UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PATRICK HORSMAN,

    Plaintiff,

v.                                      Case No. 4:24-CV-342

BRETT JEFFERSON,
RYAN ANDREWS, and
ANDREWS LAW FIRM, P.A.,

    Defendants.

---

## MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW

Defendants Ryan Andrews and Andrews Law Firm ("the Andrews Defendants") move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Alternatively, if the Court denies the motion to dismiss or dismisses with leave to amend, the Andrews Defendants move to require Plaintiff to replead a more definite statement pursuant to Rule 12(e) on the ground that the Complaint is a shotgun pleading in violation of Rule 8(a)(2).

## MEMORANDUM OF LAW

### **The Complaint fails to state a claim on which relief can be granted.**

The Complaint alleges that Defendant Ryan Andrews drafted or assisted in drafting and sent to an online news site two defamatory articles attached to the Complaint as exhibits A and C.[1] The gist of the alleged defamation is that the articles mischaracterize the allegations in two unrelated third-party lawsuits. The Complaint refers to selected pleadings filed in the third-party lawsuits that are not attached to the Complaint and makes no reference to other relevant documents in the two cases that are central to Plaintiff's defamation claims.

### The August 27th Article

The Complaint alleges that an August 27, 2022, article, which is attached to the Complaint as PL Exh A, defamed Plaintiff by erroneously stating that certain allegations had been made in the case of *Remcoda, LLC v. Ridge Hill, et al.,* Case No. 1:21-c-00979 (S.D. N.Y.).[2] Plaintiff alleges that the following language in the August 27 article was inconsistent with the Remcoda pleading and therefore defamatory:

> "Patrick Horsman and partner Russel Gross involvement in $3.7M alleged fraud."

---

[1] Exhibits to the Complaint will be referenced as "PL Exh" and exhibits to this motion as "DF Exh."

[2] Plaintiff attaches the articles to the Complaint as PL Exh A through C but when the Complaint refers to the articles, it doesn't reference them by exhibit letter. However, it is clear from the quoted text which article it refers to.

Complaint ⁋ 92.

> "lawsuit between Remcoda, LLC, and defendants …. Russel Gross, and the involvement of his partner, Patrick Horsman, is ever evolving."

Complaint, ⁋ 94 (Ellipsis in original.).

> "Russel Gross, and his business partner Patrick Horsman's company Unicorn Health, were allegedly working with the defendants from the start when they introduced Remcoda to Ridge Hill as part of their overall alleged scheme. Russel Gross and Horsman's company allegedly received payment of their fee from Remcoda's funds that the defendants wrongfully withheld."

Complaint, ⁋ 98.

Plaintiff focuses on a single document filed in the Remcoda lawsuit, the Second Amended Complaint, and complains that the assertions attributed by the August 27 article to the Remcoda lawsuit are not included in that particular pleading. In the first place, the August 27 article doesn't say the allegations were made in any particular document, only that they were made in the Remcoda lawsuit. Furthermore, it would make no difference if the article had mistakenly identified the documents filed in the Remcoda lawsuit in which the allegations appeared:

> Florida recognizes the substantial truth doctrine in defamation cases. "Under a substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true." As long as a report is substantially correct, "it is not necessary that it be exact in every material detail or that it conform to the precision demanded in technical or scientific reporting." …. The key distinction is whether the incorrectly reported material would "have had a different effect on the mind of the viewer" by affecting "the gist of the story."

3

*Reardon v. WPLG, LLC,* 317 So.3d 1229, 1234-35 (Fla. 3d DCA 2021) (Internal citations omitted.)

All the statements which the August 27 article attributed to the Remcoda lawsuit were, in fact, included in documents filed in the case. The Second Amended Complaint in the Remcoda lawsuit describes a scheme whereby the Remcoda defendants fraudulently persuaded persons to invest substantial sums of money in a plan to purchase protective gloves during the Covid epidemic. A memorandum of law in support of a motion to dismiss and a supporting sworn declaration were filed in the Remcoda lawsuit. Those documents allege that Unicorn Health was indeed working with the Remcoda defendants from the start and reference Plaintiff as "Unicorn partner Patrick Horseman." [DF Exh A, B] [3]

Plaintiff doesn't deny that documents were filed in the Remcoda lawsuit that stated that Unicorn Health was involved from the start in the Remcoda scheme or that Plaintiff is a partner in Unicorn Health. The Complaint alleges only that the Remcoda lawsuit *Second Amended Complaint* doesn't say those things.

---

[3] The Court can take judicial notice of officially filed documents and consider them in connection with a motion to dismiss without converting the motion into a motion for summary judgment. *Stahl v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (11th Cir. 2003.) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.") The Court can also consider the documents because they are central to Plaintiff's claims and their authenticity is beyond challenge. *Johnson v. City of Atlanta,* 107 F.4th 1292, 1300m (11th Cir. 2024).

Plaintiff also complains that the August 27th article stated the Remcoda lawsuit was "ever evolving." It is not evident why the statement would be defamatory or injurious to Plaintiff and he makes no effort to explain why. In any case, the statement is accurate. "Ever evolving" is another way of saying "continuously changing" which is an apt description of the Remcoda lawsuit. By the time the August 27th article was published, the case was on its third complaint, the court had dismissed some claims and upheld others, and multiple motions to dismiss were still pending. [DF Exh C]

**The LGBCoin Article[4]**

Plaintiff alleges the LGBCoin article defamed him by stating that Plaintiff had been sued in a class action complaint and that the complaint accused Plaintiff of having engaged with others in a fraudulent scheme relating to the sale of a crypto currency. The article and the Complaint refer to a Second Amended Complaint that had been filed in the case of *De Ford v. Koutoulas,* Case. No. 6:22-cv-652, in the Middle District of Florida. The pleading is not attached to the Complaint. It is apparent, however, that the LGBCoin article was actually referring to the Third Amended Complaint that had been filed in the *De Ford* lawsuit on April 14, 2023. A copy of the pleading is attached hereto as DF Exh D. The Third Amended Complaint does name

---

[4] The Complaint refers to a May 29, 2023 article that allegedly discusses an "LGBCoin Lawsuit." ¶ 123, *et seq*. No May 29 article is attached to the Complaint. However, a June 28, 2023. article that discusses the LGBCoin lawsuit is attached to the Complaint as PL Exh C, and it is assumed that this is the article referred to.

5

Plaintiff as a defendant and alleges that Plaintiff engaged with others in a fraudulent scheme to "pump and dump" crypto currency. DF Exh D, ¶¶ 1-38, 43-196.

The LGBCoin article was not defamatory simply because it erroneously referred to the second amended complaint rather than the third amended complaint. *See Reardon v. WPLG, LLC, supra.; Marder v. Tegna, Inc.,* 2020 WL 3496447 *5 (S.D. Fla. 2020) ("A statement is not considered false unless it would have a different effect on the mind of the reader from that which pleaded truth would have produced.") It cannot reasonably be inferred from the facts that a person reading the article would have thought less of Plaintiff because the article mentioned a second amended complaint instead of a third amended complaint.

Most importantly, the two articles are not defamatory because the statements in them regarding the filing of the lawsuits against Plaintiff and the gist of the allegations against him are true. Under both Florida law and the U.S. Constitution falsity is an essential element of defamation. *Turner v. Wells,* 879 F.3d 1254, 1262 (11th Cir. 2018); *Hallmark Builders, Inc. v. Gaylord Broadcasting Co.,* 733 F.2d 1461, 1464 (11th Cir. 1984) ("A false statement is the *sine quo non* for recovery in a defamation action.") (Quoting *Byrd v. Hustler Magazine, Inc., Inc.,* 433 So.2d 593, 595 (Fla. 4th DCA 1983)). The Complaint does not allege that the Andrews Defendants or the articles defamed Plaintiff by falsely accusing him of having engaged in fraudulent activity. The gravamen of the Complaint is that the articles mis-reported such allegations as they

appeared in the *Remcoda* and *De Ford* lawsuits. The documents properly before the Court as DF Exh A, B, and D demonstrate that they did not.

Plaintiff's conclusory statements that the Andrews Defendants committed defamation by implication don't save the Complaint. Defamation by implication occurs when a defendant juxtaposes facts in a manner that implies a defamatory connection or omits important facts that would change the gist of an article. *Bongino v. Daily Beast Co.,* 477 F.Supp.3d 1310, 1319 (S.D. Fla. 2020). Plaintiff identifies no statements of fact in the articles that meet that criteria. Moreover, "all of the protections of defamation law that are afforded to the media and private defendants also apply to the tort of defamation by implication." *Id.*

## The Complaint is a shotgun pleading.

In a screed that fills 58 pages and 291 paragraphs, Plaintiff presents a rambling, disjointed collection of vague, conclusory, and often immaterial allegations.

**Immaterial Allegations**

The Complaint incorporates the first 206 paragraphs by reference into all four counts. At least 58 of the paragraphs have no apparent connection to either of the Andrews Defendants (or, for that matter, to any claim against anyone.) *See* ¶¶ 1, 5, 19-38, 40-50, 144, 151-167, 169-173, 175, 178-179. *See Anderson v. District Brd. Of Trustees,* 77 F.3d 364, 366 (11th Cir. 1996).

**Indiscriminate Allegations**

Plaintiffs have sued three defendants in their individual capacities, alleging that each engaged in separate conduct that constitutes defamation. However, the Complaint includes multiple paragraphs that simply allege conduct by "defendants" without specifying which defendant did what. *See* ¶¶ 125, 137, 139-140, 143, 145, 149. *See Sanchez v. Florida Dept. of Corrections*, 2020 WL 13309025 *2 (N.D. Fla. 2020); *Dunn v. Shoppes at Edgewater LLC,* 2019 WL 13162424 (N.D. Fla. 1019).

**Conclusory Allegations of Malice**

Throughout the Complaint, Plaintiff makes conclusory allegations that the Andrews Defendants defamed him maliciously and intentionally for the purpose of causing him harm. *See* ¶¶ 65, 66, 90 213, 220, 237, 240, 262, 282, 285. Pleading conclusory allegations of malice without factual allegations from which malice can be inferred is insufficient. *Turner v. Wells,* 879 F.3d at 1273; *Allison v. Parise,* 2013 WL 877111, *2 (M.D. Fla. 2013).

Among the types of complaints that are considered shotgun pleadings are those that contain conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts; or adopt multiple paragraphs in full under multiple counts even though many of the facts alleged in the paragraphs are immaterial to some of the counts. *Barmapov v. Amuial*, 986 F.3D 1321,

1324 (11th Cir. 2021); *Anderson v. District Brd. Of Trustees,* 77 F.3d at 365. The Complaint qualifies as a shotgun pleading on all three grounds.

## Conclusion

The Complaint should be dismissed for failure to state a claim on which relief can be granted. If the Court denies the motion to dismiss or dismisses with leave to amend, Plaintiff should be required to replead a more definite statement.

/s/ Barry Richard
Barry Richard (Fla. Bar No. 105599)
BARRY RICHARD LAW FIRM
101 East College Avenue Tallahassee, FL  32301
Telephone: (850) 274-1814
barryrichard@barryrichard.com
*Attorneys for the*
*Andrews Defendants'*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

/s/ Barry Richard
Barry Richard
*Attorney for Defendants'*