IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PATRICK HORSMAN,**

    **Plaintiff,**

v.                                                        Case No. 4:24-cv-342-AW-MAF

**BRETT JEFFERSON,
RYAN ANDREWS, and
ANDREWS LAW FIRM, P.A.,**

    **Defendants.**

_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Patrick Horsman sued Brett Jefferson, attorney Ryan Andrews, and Andrews's law firm. ECF No. 1. The claim seems uncomplicated: Horsman alleges that Jefferson and Andrews defamed him by participating in the publication of two articles. Yet the complaint spans 291 paragraphs and 59 pages, featuring numerous allegations with no obvious connection to any claim.

Andrews and his firm (collectively "Andrews") move to dismiss, contending the complaint is a shotgun pleading and fails to state a claim. ECF No. 13. I agree the complaint is a shotgun pleading, and I dismiss on that basis.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

1

It is meant "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming." *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 (11th Cir. 1985) (Tjoflat, J., dissenting)). Succinct pleadings also allow the court to "determine which facts support which claims and whether the plaintiff has stated any claims" and later at trial to determine what evidence is relevant. *Id.* The complaint here is not succinct.

As Andrews notes, the complaint includes numerous paragraphs that have no obvious connection to any legal claim. Horsman includes, for example, allegations about Jefferson's conduct in unrelated litigation. *See, e.g.*, Compl. ¶¶ 33 & n.1, 42-50, 144. Horsman also alleges that Jefferson instigated "harassment" by others, without making clear whether this is part of his defamation claim. *See, e.g., id.* ¶ 157 (alleging creation of cartoon depicting Horsman in a prison jumpsuit); ¶ 158 (alleging use of autodialer, causing nonparty's "phone to ring incessantly" and anonymously registering the nonparty on pornography websites). And he alleges something about Jefferson's "malicious crusade against two insurance brokers," *id.* ¶ 165; *see also id.* ¶¶ 166-78, which similarly seems unconnected to the defamation alleged here, even if it occurred while Defendants were "concurrently defaming others using the same methods and channels," *id.* ¶ 179.

A complaint is a shotgun pleading if it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*,

2

792 F.3d at 1322. That is the situation here. Also problematic here is the fact that the complaint does not always make clear which Defendant is alleged to have done what. Horsman correctly notes that sometimes the use of "defendants" can simply mean all defendants acted in concert. ECF No. 18 at 30. But the context in this complaint does not show that clearly to be the case. *See, e.g.*, *id.* ¶ 141 (alleging pseudonym bot was "controlled by Defendants"); ¶ 143 ("Defendants also reached out to other avenues for distribution . . . ."); ¶ 145 ("Defendants directed the operator of the USA Herald to pretend to be a journalist . . . ."). The complaint will be dismissed with leave to amend. *Cf. Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." (cleaned up)). When Horsman repleads, he should be careful to specify which Defendant did what, and he should omit irrelevant factual allegations.

Because I am dismissing on shotgun-complaint grounds, I will not address Andrews's Rule 12(b)(6) arguments. But because the issue may rearise after Horsman amends, I note that Horsman is likely correct that I cannot consider on a motion to dismiss the documents attached to Andrews's motion.

Horsman bases his defamation claim (at least in part) on one of the articles' suggesting incorrectly that he was listed as a defendant in another lawsuit's second

3

amended complaint. ECF No. 1 ¶¶ 124-28. Andrews contends Horsman was a named defendant in that same lawsuit's third amended complaint and that "[i]t cannot reasonably be inferred from the facts that a person reading the article would have thought less of Plaintiff because the article mentioned a second amended complaint instead of a third amended complaint." ECF No. 13 at 6. Andrews then attached the third amended complaint. ECF No. 13-4.

While not challenging the third amended complaint's authenticity, Horsman cites the general rule that when deciding a motion to dismiss, the court must not consider documents not attached to the complaint. ECF No. 18 at 24. As both parties acknowledge, there is an exception if the document is "central to the plaintiff's claim" and of undisputed authenticity. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). But that does not help here. It is not enough to be important to the case or central to a *defense*. And the third amended complaint relates to Andrews's defense; it is not central to Horsman's claim.

Having said that, to the extent additional documents whose relevance and authenticity is not challenged can resolve any outstanding claim, any Defendant can move early for summary judgment. *See* Fed. R. Civ. P. 56(b). There is no need to wait until the summary-judgment deadline. So if, for example, the defamation claim is that an article falsely suggested Horsman was a defendant at one stage of some litigation and he in fact was a defendant at a different stage of the same litigation—

4

and if that fact precludes relief—the issue can be resolved promptly, albeit not through a Rule 12(b)(6) motion. This observation should not, however, be read as any prejudgment on whether those facts would, in fact, preclude relief.

The motion to dismiss (ECF No. 13) is GRANTED, and the complaint is DISMISSED with leave to amend. Because Horsman's complaint is dismissed, Jefferson's motion to dismiss (ECF No. 17) is DENIED as moot. Horsman may file an amended complaint within 14 days. Defendants must respond within 14 days thereafter. As a matter of discretion, and to promote efficiency, the court directs Horsman to limit his amended complaint to 25 pages.

SO ORDERED on October 25, 2024.

*s/ Allen Winsor*
United States District Judge