UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DISTRICT

|  |  |
|---|---|
| PATRICK HORSMAN,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT JEFFERSON,<br>RYAN ANDREWS, and<br>ANDREWS LAW FIRM, P.A.,<br><br>    Defendants. | Case No. 4:24-cv-00342-AW-MAF |

**DEFENDANT BRETT JEFFERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF HORSMAN'S AMENDED COMPLAINT**

Defendant Brett Jefferson ("Jefferson"), by his undersigned counsel, answers the Amended Complaint ("AC") of Plaintiff Patrick Horsman ("Horsman") as follows:

**PRELIMINARY STATEMENT**

Jefferson's Answer is based on his investigation to date, which is ongoing. Jefferson reserves his right to supplement, clarify, or amend his Answer during the course of litigation, as additional information becomes available and as his investigation continues. For the sake of clarity and the avoidance of doubt, to the extent that an allegation in the AC is not expressly admitted, Jefferson denies each and every such allegation. Many of the AC's allegations state legal conclusions or

purport to characterize or selectively quote from documents out of context. To the extent that responses are required to any such allegations, Jefferson denies all such allegations. Jefferson further denies any allegations contained in, or inferences that may be drawn from, the captions or footnotes contained in the AC, or any other portion of the AC outside of its numbered paragraphs. Furthermore, Jefferson answers only as to the allegations directed at him. No response is required to the allegations regarding persons or entities other than Jefferson, *see* Fed. R. Civ. P. 8(b)(1)(B); to the extent that a response is required to such allegations, Jefferson states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Jefferson. Jefferson does not admit that he bears the burden of proving any of the defenses set forth below.

Subject to the foregoing, Jefferson responds to the specifically numbered paragraphs in the AC as follows:

## RESPONSES TO THE AC's ALLEGATIONS

1. The statements in Paragraph 1 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 1.

2. Jefferson admits Horsman is a natural person. Jefferson lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 2.

3. Jefferson admits he is a natural person. Jefferson denies the remaining allegations in Paragraph 3.

4. Paragraph 4 is not directed against Jefferson and therefore no response is required.

5. Paragraph 5 is not directed against Jefferson and therefore no response is required.

6. The statements in Paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 6.

7. The statements in Paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 7.

8. The statements in Paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 8.

9. Paragraph 9 is not directed against Jefferson and therefore no response is required.

10. Jefferson denies the allegations of Paragraph 10.

11. Paragraph 11 is not directed against Jefferson and therefore no response

is required.

12. The statements in Paragraph 12 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 12.

13. Jefferson incorporates herein his responses to Paragraphs 1 through 12 of this Answer.

14. Jefferson denies the allegations of Paragraph 14.

15. Jefferson admits Paragraph 15.

16. Jefferson admits others invested an additional $1.15 million in Integrated CBD. Jefferson denies the remaining allegations in Paragraph 16.

17. Jefferson admits Integrated CBD entered into a liquidation ordered by the senior lender. Jefferson denies the remaining allegations in Paragraph 17.

18. Intentionally omitted.

19. Jefferson admits the junior lenders lost $3.65 million when Integrated CBD failed. Jefferson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20. Jefferson denies the allegations of Paragraph 20.

21. Jefferson denies the allegations of Paragraph 21.

22. Jefferson denies the allegations of Paragraph 22.

23. Jefferson denies the allegations of Paragraph 23.

24. Paragraph 24 purports to characterize an email sent on August 19, 2020, which speaks for itself, and Jefferson respectfully refers the Court to that email for its true and correct contents. Any inconsistent or misleading characterization of that email is denied.

25. Jefferson admits that he made a statement in an unrelated matter about the method of paying a judgment but denies the remaining allegations of Paragraph 25.

26. Jefferson denies the allegations of Paragraph 26.

27. Jefferson denies the allegations of Paragraph 27.

28. Jefferson denies the allegations of Paragraph 28.

29. Jefferson denies the allegations of Paragraph 29.

30. Jefferson denies the allegations of Paragraph 30.

31. Jefferson denies the allegations of Paragraph 31.

32. The statements in Paragraph 32 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 32.

33. The statements in Paragraph 33 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 33.

34. The statements in Paragraph 34 constitute conclusions of law to which

no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 34.

35. Jefferson admits that "Unicorn Health LLC" is not mentioned in the Second Amended Complaint, but it is mentioned in other documents filed in the case. Jefferson denies the remaining allegations in Paragraph 35.

36. The statements in Paragraph 36 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 36.

37. The statements in Paragraph 37 constitute conclusions of law to which no response is required. Paragraph 37 also purports to characterize the Remcoda Article and the Second Amended Complaint, which speak for themselves, and Jefferson respectfully refers the Court to the Remcoda Article and the Second Amended Complaint for their true and correct contents. To the extent that a response is required, Jefferson denies the allegations of Paragraph 37.

38. The statements in Paragraph 38 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 38.

39. The statements in Paragraph 39 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 39.

40. The statements in Paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 40.

41. Jefferson denies the allegations of Paragraph 41.

42. The statements in Paragraph 42 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson admits that he emailed the USA Herald's operator from his joeyrocks99@protonmail.com address but denies the remaining allegations of Paragraph 42.

43. The statements in Paragraph 43 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 43.

44. The statements in Paragraph 44 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 44.

45. The statements in Paragraph 45 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 45.

46. Paragraph 46 purports to characterize the LGBCoin Article published on May 29, 2023, which speaks for itself, and Jefferson respectfully refers the Court to that article for its true and correct contents. Any inconsistent or misleading

characterization of that article is denied.

47. Paragraph 47 purports to characterize the LGBCoin Article published on May 29, 2023, which speaks for itself, and Jefferson respectfully refers the Court to that article for its true and correct contents. Any inconsistent or misleading characterization of that article is denied.

48. The statements in Paragraph 48 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 48.

49. Paragraph 49 purports to characterize the LGBCoin Article published on May 29, 2023, which speaks for itself, and Jefferson respectfully refers the Court to that article for its true and correct contents. Any inconsistent or misleading characterization of that article is denied.

50. Paragraph 50 purports to characterize the LGBCoin Article published on May 29, 2023, which speaks for itself, and Jefferson respectfully refers the Court to that article for its true and correct contents. Any inconsistent or misleading characterization of that article is denied. Jefferson denies the remaining allegations of Paragraph 50.

51. Jefferson denies the allegations of Paragraph 51.

52. The statements in Paragraph 52 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies

the allegations of Paragraph 52.

53. Paragraph 53 purports to characterize an email chain sent on or around May 30, 2023, which speaks for itself, and Jefferson respectfully refers the Court to that email chain for its true and correct contents. Any inconsistent or misleading characterization of that email chain is denied.

54. The statements in Paragraph 54 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 54.

55. The statements in Paragraph 55 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 55.

56. The statements in Paragraph 56 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 56.

57. Jefferson denies the first sentence in Paragraph 57. Jefferson also denies that he published any defamatory content. Jefferson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57.

58. The statements in Paragraph 58 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Paragraph 59 is not directed against Jefferson and therefore no response is required.

60. The statements in Paragraph 60 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 60.

61. The statements in Paragraph 61 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 61.

62. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

63. The statements in Paragraph 63 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 63.

64. The statements in Paragraph 64 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 64.

65. The statements in Paragraph 65 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies

the allegations of Paragraph 65.

66. Paragraph 66 is not directed against Jefferson and therefore no response is required.

67. The statements in Paragraph 67 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 67.

68. The statements in Paragraph 68 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 68.

69. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

70. The statements in Paragraph 70 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 70.

71. The statements in Paragraph 71 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 71.

72. The statements in Paragraph 72 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 72.

73. Paragraph 73 is not directed against Jefferson and therefore no response is required.

74. The statements in Paragraph 74 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 74.

75. The statements in Paragraph 75 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 75.

76. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

77. The statements in Paragraph 77 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 77.

78. The statements in Paragraph 78 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 78.

79. The statements in Paragraph 79 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 79.

80. The statements in Paragraph 80 constitute conclusions of law to which

no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 80.

81. The statements in Paragraph 81 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 81.

82. Paragraph 82 is not directed against Jefferson and therefore no response is required.

83. The statements in Paragraph 83 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 83.

84. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

85. The statements in Paragraph 85 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 85.

86. The statements in Paragraph 86 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 86.

87. The statements in Paragraph 87 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies

the allegations of Paragraph 87.

88. The statements in Paragraph 88 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 88.

89. Paragraph 89 is not directed against Jefferson and therefore no response is required.

90. The statements in Paragraph 90 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 90.

91. The statements in Paragraph 91 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 91.

92. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

93. The statements in Paragraph 93 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 93.

94. The statements in Paragraph 94 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 94.

95. The statements in Paragraph 95 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 95.

96. Paragraph 96 is not directed against Jefferson and therefore no response is required.

97. The statements in Paragraph 97 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 97.

98. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

99. The statements in Paragraph 99 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 99.

100. The statements in Paragraph 100 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 100.

101. The statements in Paragraph 101 constitute conclusions of law to which no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 101.

102. The statements in Paragraph 102 constitute conclusions of law to which

no response is required. To the extent that a response is required, Jefferson denies the allegations of Paragraph 102.

103. Jefferson incorporates herein his responses to Paragraphs 1 through 61 of this Answer.

104. Jefferson denies the allegations of Paragraph 104.

105. Jefferson denies the allegations of Paragraph 105.

106. Jefferson denies the allegations of Paragraph 106.

107. Paragraph 107 is not directed against Jefferson and therefore no response is required.

108. Paragraph 108 is not directed against Jefferson and therefore no response is required.

## RESPONSE TO JURY DEMAND

Jefferson admits that Horsman purports to demand a jury trial but reserves the right to challenge this demand.

## RESPONSE TO PRAYER FOR RELIEF

The statements in Horsman's Prayer for Relief constitute requests for relief to which no response is required. To the extent a response is required, Jefferson denies that Horsman is entitled to any of the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses, Jefferson alleges as follows. By alleging the matters set forth below, Jefferson does not thereby allege or admit that Jefferson has the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, Jefferson hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer and assert all such defenses.

## FIRST DEFENSE

This action is barred because the AC fails to state a claim against Jefferson upon which relief may be granted.

## SECOND DEFENSE

This action is barred because the Court lacks personal jurisdiction over Jefferson.

## THIRD DEFENSE

Horsman's claims are barred because the alleged defamatory statements referenced in the AC are true or substantially true.

## FOURTH DEFENSE

Horsman's claims are barred because the alleged defamatory statements referenced in the AC are constitutionally protected by the First Amendment of the

U.S. Constitution and Article I, Section 4 of the Florida Constitution.

## FIFTH DEFENSE

Horsman's claims are barred because the alleged defamatory statements referenced in the AC were made without malice.

## SIXTH DEFENSE

This action is barred because any damages sustained by Horsman were caused by superseding or intervening causes rather than the alleged defamatory statements.

Dated: May 16, 2025

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Post Office Drawer 1838
Tallahassee, FL 32301
Phone 850-222-6891
Fax 850-521-1379

*/s/ David C. Ashburn*
**DAVID C. ASHBURN, ESQ.**
Fla. Bar No. 0708046
ashburnd@gtlaw.com
jessica.turner@gtlaw.com

and

**WOLLMUTH MAHER & DEUTSCH LLP**

David H. Wollmuth (*pro hac vice* forthcoming)
Joshua M. Slocum (*pro hac vice* forthcoming)

18

Maxwell G. Dillan (*pro hac vice* forthcoming)
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
dwollmuth@wmd-law.com
jslocum@wmd-law.com
mdillan@wmd-law.com

***Attorneys for Defendant Brett Jefferson***