IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PATRICK HORSMAN,**

    **Plaintiff,**

v.                                                  Case No. 4:24-cv-342-AW-MAF

**BRETT JEFFERSON,**
**RYAN ANDREWS, and**
**ANDREWS LAW FIRM, P.A.,**

    **Defendants.**

_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Patrick Horsman filed a renewed motion to voluntarily dismiss his claims against Ryan Andrews and the Andrews Law Firm, P.A. (the Andrews Defendants) without prejudice. ECF No. 67. The Andrews Defendants take no position on Horsman's request, but Defendant Brett Jefferson filed a response in opposition, ECF No. 69. Having considered the parties' arguments, I now grant the motion.

The court has broad discretion in determining whether to allow voluntary dismissal, but "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis omitted); *accord Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) ("The crucial question to be determined is, Would the defendant

1

lose any substantial right by the dismissal." (quoting *Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967))).

Here, Jefferson is the one resisting dismissal, but the claims against him would continue either way. The Andrews Defendants do not claim prejudice or otherwise object to the dismissal. This is not, then, the typical case in which a defendant poised to prevail on the merits claims harm from allowing dismissal *without prejudice*, after which a plaintiff could start fresh. Thus, the question is whether Jefferson has shown *he* would suffer prejudice from the Andrews Defendants' dismissal. He has not.

Jefferson first claims Horsman seeks dismissal to avoid an adverse ruling on the Andrews Defendants' summary-judgment motion. ECF No. 69 at 13. But even if true, that would not show prejudice to Jefferson. If the court granted the Andrews Defendants summary judgment, Jefferson would be in the same position he would be after the contested dismissal: he would be the sole defendant. Jefferson never adequately explains how granting summary judgment in co-defendants' favor would help him. He does say all the claims are inextricably intertwined, but if that is so, he could file his own summary-judgment motion making the same arguments.

Jefferson also argues dismissal would harm him because he could not benefit from a ruling on the Andrews Defendants' unfiled Rule 11 motion. *Id.* at 15. No party has filed a Rule 11 motion, and I will not speculate about whether one will. But either way, Jefferson has not shown that granting the Andrews Defendants' Rule

2

11 motion would help him. Nor has he shown why—if there were a Rule 11 violation—he could not submit his own motion seeking relief.

Next, Jefferson suggests (but does not explicitly argue) that personal jurisdiction would be lacking without the Andrews Defendants' participation. *Id.* at 17. But my decision on jurisdiction was not contingent on the Andrews Defendants' participation in the lawsuit. I concluded that exercising specific jurisdiction over Jefferson was appropriate because the complaint sufficiently alleged he committed tortious conduct in Florida. ECF No. 63 at 9. Regardless, if Jefferson were correct that "the absence of the Andrews Defendants . . . materially changes the jurisdictional analysis," ECF No. 69 at 18, this would only help—not hurt—Jefferson.

Jefferson also argues he will be prejudiced because a witness—Richard Gorman—would be available through the Andrews Defendants but not without them. *Id.* at 20. Jefferson says Gorman lives in Colombia and thus cannot be compelled to testify. He suggests the Andrews Defendants helped secure Gorman's cooperation, which could be lost without their continued involvement. But Jefferson has not demonstrated that the Andrews Defendants' continued participation would enhance his ability to secure Gorman's cooperation. Moreover, as noted above, if Jefferson is correct that the Andrews Defendants were nearing victory on the merits, he would be left in the same position.

In short, Jefferson has not shown the type of prejudice that would make dismissal unfair. Nor has he shown that any conditions would be appropriate to avoid prejudice. As a matter of discretion, I will allow the requested voluntary dismissal without prejudice.

* * *

The motion for voluntary dismissal (ECF No. 67) is GRANTED, and Horsman's claims against the Andrews Defendants are DISMISSED without prejudice. The Andrews Defendants' summary-judgment motion (ECF No. 54) and Horsman's Rule 56(d) motion (ECF No. 59) are DENIED as moot. The case will proceed as to Horsman's claims against Jefferson.

SO ORDERED on June 12, 2025.

s/ *Allen Winsor*
United States District Judge
