# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

Case No. 4:24-cv-342-ACW-MAF

PATRICK HORSMAN,

     Plaintiff,

v.

BRETT JEFFERSON,

     Defendant.

_____/

## MOTION TO COMPEL DEFENDANT BRETT JEFFERSON'S SUBSTANTIVE RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND DOCUMENT PRODUCTION

Plaintiff Patrick Horsman files this Motion to Compel Defendant Brett Jefferson's Substantive Responses to Plaintiff's First Set of Requests for Production of Documents and to Compel Jefferson's Document Production.

## JEFFERSON'S DEFICIENT RESPONSES TO REQUESTS FOR PRODUCTION

1. REQUEST NO. 1: Documents concerning the $7,500 payment made by Andrews Law Office to Gorman Economics on or about May 6, 2019, including but not limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

Jefferson's Objections: Jefferson objects to Request No. 1 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the

needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by three years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities, as any documents or communications between Jefferson and Andrews Law Firm while Andrews Law Firm represented Jefferson are subject to attorney-client privilege. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 1.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: The objection that the request "is not limited in scope in a manner that is relevant... or proportional" is boilerplate and without merit. The First Amended Complaint alleges Jefferson "routed payments to the USA Herald's operator through the Andrews Law Firm trust account". Payments from Andrews Law to Gorman Economics are highly relevant to tracing funds and demonstrating the alleged conspiracy and its financial aspects. The fact that they

predate the specific articles does not negate their relevance to the overall scheme and relationship between the defendants and Gorman, especially since the complaint asserts Jefferson's "documented history over many years of using similar tactics".

Overbroad/Unduly Burdensome Objection: Claiming documents predate the claims by three years as unduly burdensome is insufficient given the broader allegations of a long-term pattern of conduct.

Privilege Objection: A blanket assertion of attorney-client privilege and work-product doctrine is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Lack of Possession/Custody/Control: The request specifically asks about payments made "on Your behalf or using funds You provided". Jefferson would have knowledge and likely control over records related to funds he provided or payments made on his behalf, even if the actual transfer was by Andrews Law. This objection is evasive.

Withholding All Documents: The outright refusal to produce any documents based on these deficient objections is improper and obstructs discovery.

2. REQUEST NO. 2: Documents concerning the $6,900 payment made by Andrews Law Office to Gorman Economics on or about May 20, 2019, including but not

limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

Jefferson's Objections: Jefferson objects to Request No. 2 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by three years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities, as any documents or communications between Jefferson and Andrews Law Firm while Andrews Law Firm represented Jefferson are subject to attorney-client privilege. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 2.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: The objection that the request "is not limited in scope in a manner that is relevant... or proportional" is boilerplate and without

merit. The First Amended Complaint alleges Jefferson "routed payments to the USA Herald's operator through the Andrews Law Firm trust account". Payments from Andrews Law to Gorman Economics are highly relevant to tracing funds and demonstrating the alleged conspiracy and its financial aspects. The fact that they predate the specific articles does not negate their relevance to the overall scheme and relationship between the defendants and Gorman, especially since the complaint asserts Jefferson's "documented history over many years of using similar tactics".

Overbroad/Unduly Burdensome Objection: Claiming documents predate the claims by three years as unduly burdensome is insufficient given the broader allegations of a long-term pattern of conduct.

Privilege Objection: A blanket assertion of attorney-client privilege and work-product doctrine is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Lack of Possession/Custody/Control: The request specifically asks about payments made "on Your behalf or using funds You provided". Jefferson would have knowledge and likely control over records related to funds he provided or payments made on his behalf, even if the actual transfer was by Andrews Law. This objection is evasive.

Withholding All Documents: The outright refusal to produce any documents based on these deficient objections is improper and obstructs discovery.

3. REQUEST NO. 3: Documents concerning the $10,000 payment made by Andrews Law Office to Gorman Economics on or about June 17, 2019, including but not limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

Jefferson's Objections: Jefferson objects to Request No. 3 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by three years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities, as any documents or communications between Jefferson and Andrews Law Firm while Andrews Law Firm represented Jefferson are subject to attorney-client privilege. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson's

Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 3.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: The objection that the request "is not limited in scope in a manner that is relevant... or proportional" is boilerplate and without merit. The First Amended Complaint alleges Jefferson "routed payments to the USA Herald's operator through the Andrews Law Firm trust account". Payments from Andrews Law to Gorman Economics are highly relevant to tracing funds and demonstrating the alleged conspiracy and its financial aspects. The fact that they predate the specific articles does not negate their relevance to the overall scheme and relationship between the defendants and Gorman, especially since the complaint asserts Jefferson's "documented history over many years of using similar tactics".

Overbroad/Unduly Burdensome Objection: Claiming documents predate the claims by three years as unduly burdensome is insufficient given the broader allegations of a long-term pattern of conduct.

Privilege Objection: A blanket assertion of attorney-client privilege and work-product doctrine is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Lack of Possession/Custody/Control: The request specifically asks about payments made "on Your behalf or using funds You provided". Jefferson would have knowledge and likely control over records related to funds he provided or payments made on his behalf, even if the actual transfer was by Andrews Law. This objection is evasive.

Withholding All Documents: The outright refusal to produce any documents based on these deficient objections is improper and obstructs discovery.

4. REQUEST NO. 4: Documents concerning the $10,000 payment made by Andrews Law Office to Gorman Economics on or about November 19, 2019, including but not limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

Jefferson's Objections: Jefferson objects to Request No. 4 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by three years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or

immunities, as any documents or communications between Jefferson and Andrews Law Firm while Andrews Law Firm represented Jefferson are subject to attorney-client privilege. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 4.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: The objection that the request "is not limited in scope in a manner that is relevant... or proportional" is boilerplate and without merit. The First Amended Complaint alleges Jefferson "routed payments to the USA Herald's operator through the Andrews Law Firm trust account". Payments from Andrews Law to Gorman Economics are highly relevant to tracing funds and demonstrating the alleged conspiracy and its financial aspects. The fact that they predate the specific articles does not negate their relevance to the overall scheme and relationship between the defendants and Gorman, especially since the complaint asserts Jefferson's "documented history over many years of using similar tactics".

Overbroad/Unduly Burdensome Objection: Claiming documents predate the claims by three years as unduly burdensome is insufficient given the broader allegations of a long-term pattern of conduct.

Privilege Objection: A blanket assertion of attorney-client privilege and work-product doctrine is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Lack of Possession/Custody/Control: The request specifically asks about payments made "on Your behalf or using funds You provided". Jefferson would have knowledge and likely control over records related to funds he provided or payments made on his behalf, even if the actual transfer was by Andrews Law. This objection is evasive.

Withholding All Documents: The outright refusal to produce any documents based on these deficient objections is improper and obstructs discovery.

5. REQUEST NO. 5: Documents concerning the $7,500 payment made by Andrews Law Office to Gorman Economics on or about June 26, 2020, including but not limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

Jefferson's Objections: Jefferson objects to Request No. 5 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad

and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by two years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities, as any documents or communications between Jefferson and Andrews Law Firm while Andrews Law Firm represented Jefferson are subject to attorney-client privilege. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 5.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: The objection that the request "is not limited in scope in a manner that is relevant... or proportional" is boilerplate and without merit. The First Amended Complaint alleges Jefferson "routed payments to the USA Herald's operator through the Andrews Law Firm trust account". Payments from Andrews Law to Gorman Economics are highly relevant to tracing funds and demonstrating the alleged conspiracy and its financial aspects. The fact that they predate the specific articles does not negate their relevance to the overall scheme and relationship between the defendants and Gorman, especially since the complaint asserts Jefferson's "documented history over many years of using similar tactics".

Overbroad/Unduly Burdensome Objection: Claiming documents predate the claims by two years as unduly burdensome is insufficient given the broader allegations of a long-term pattern of conduct.

Privilege Objection: A blanket assertion of attorney-client privilege and work-product doctrine is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Lack of Possession/Custody/Control: The request specifically asks about payments made "on Your behalf or using funds You provided". Jefferson would have knowledge and likely control over records related to funds he provided or payments made on his behalf, even if the actual transfer was by Andrews Law. This objection is evasive.

Withholding All Documents: The outright refusal to produce any documents based on these deficient objections is improper and obstructs discovery.

6. REQUEST NO. 6: Documents related to any payment made by You or on Your behalf to Richard Gorman or any entity affiliated with him, directly or indirectly or through an intermediary, in connection with Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 6 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding any payment to

Richard Gorman without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "in connection with" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of Request Nos. 1-5. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: These boilerplate objections are unconvincing given that payments to Gorman are central to the alleged defamation scheme and civil conspiracy.

Vagueness Objection: The term "in connection with" is commonly used and understood in discovery requests and is not genuinely vague or ambiguous.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Lack of Possession/Custody/Control: This objection is unconvincing for payments made by him or on his behalf. Jefferson should have records of funds he provided or authorized.

Duplicative Objection: Being duplicative does not excuse a substantive response; it simply means the information might be found elsewhere.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here. Jefferson should state what documents he is producing or definitively state that no such non-privileged documents exist after a reasonable search.

7. REQUEST NO. 7: Documents related to any payment or transfer of value by You to any media content provider in connection with media content concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 7 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks all documents related to any transfer of value without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson

further objects to this Request on the grounds that the terms "media content provider" and "media content" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 6. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: These boilerplate objections are unconvincing given that payments to media content providers are central to the alleged defamation scheme and civil conspiracy.

Vagueness Objection: The terms "media content provider" and "media content" are clearly defined or understood in the context of the lawsuit.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

8. REQUEST NO. 8: Documents related to any payment made by You or on Your behalf to any individual or media content provider in connection with media content concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 8 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents related to any payment made in connection with media content concerning Plaintiff without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content provider" and "media content" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 6-7. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to

this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: These boilerplate objections are unconvincing given that payments for media content are central to the alleged defamation scheme and civil conspiracy.

Vagueness Objection: The terms "media content provider" and "media content" are clearly defined or understood in the context of the lawsuit.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

9. REQUEST NO. 9: Documents related to any agreement between You and Richard Gorman or any entity affiliated with Richard Gorman, including but not limited to Reputation Management Consultants and USA Herald in connection with media content concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 9 because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional

to the needs of this case, as it seeks documents related to any agreement made in connection with media content concerning Plaintiff without regard to whether such agreement has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Agreements with Gorman/USA Herald are explicitly central to the alleged defamation and civil conspiracy claims.

Vagueness Objection: "Media content" is clear.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

10. REQUEST NO. 10: Documents between You and any media content provider concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 10 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 6-9. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with media content providers about Plaintiff are directly relevant to the defamation claims.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

11. REQUEST NO. 11: Drafts, outlines, or summaries of articles or press releases, or other media content referencing Patrick Horsman whether published or not.

Jefferson's Objections: Jefferson objects to Request No. 11 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks media content referencing Plaintiff without regard to whether such media content has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this

Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Drafts and outlines of content related to Plaintiff are highly relevant to the creation and malicious intent behind the alleged defamatory publications.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

12. REQUEST NO. 12: Communications between You and Ryan Andrews or Andrews Law Firm concerning the LGBCoin Article.

Jefferson's Objections: Jefferson objects to Request No. 12 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege,

the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as overly broad and unduly burdensome as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "LGBCoin Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 12.

Reasons Why Discovery Should Be Compelled:

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Overbroad/Unduly Burdensome Objection: The time period is reasonably inferred from the complaint's allegations regarding the LGBCoin Article.

Legal Conclusion Objection: The term "LGBCoin Article" is clearly understood to refer to the article identified in the First Amended Complaint. Jefferson is well aware of which article is being referenced, and this is not a legal conclusion.

Refusal to Produce: Jefferson's outright refusal to produce documents is improper, especially without a proper privilege log.

13. REQUEST NO. 13: Communications between You and Ryan Andrews or Andrews Law Firm concerning the Remcoda Article.

Jefferson's Objections: Jefferson objects to Request No. 13 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as overly broad and unduly burdensome as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "Remcoda Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 13.

Reasons Why Discovery Should Be Compelled:

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Overbroad/Unduly Burdensome Objection: The time period is reasonably inferred from the complaint's allegations regarding the Remcoda Article.

Legal Conclusion Objection: The term "Remcoda Article" is clearly understood to refer to the article identified in the First Amended Complaint. Jefferson is well aware of which article is being referenced, and this is not a legal conclusion.

Refusal to Produce: Jefferson's outright refusal to produce documents is improper, especially without a proper privilege log.

14. REQUEST NO. 14: Communications between You and Ryan Andrews or Andrews Law Firm concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 14 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 14.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with co-defendant Ryan Andrews and Andrews Law Firm regarding media content about Plaintiff are central to the civil conspiracy and aiding and abetting claims. The objections are baseless.

Vagueness Objection: "Media content" is clearly defined in the general definitions provided by Plaintiff and is not vague.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Refusal to Produce: Jefferson's outright refusal to produce documents is improper, especially without a proper privilege log.

15. REQUEST NO. 15: Communications between You and Richard Gorman concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 15 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson's Response:

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly    Burdensome    Objections: Communications between Jefferson and Richard Gorman regarding media content about Plaintiff are central to the defamation, civil conspiracy, and aiding and abetting claims. The objections are baseless.

Vagueness Objection: "Media content" is clearly defined or understood in context.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

16. REQUEST NO. 16: Communications between You and Gorman Economics concerning media content related to Horsman.

Jefferson's Objections: Jefferson objects to Request No. 16 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any

relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15, as Gorman Economics is included in the defined term Rich Gorman. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections: Communications with Gorman Economics regarding media content are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

17. REQUEST NO. 17: Communications between You and USA Herald concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 17 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15, as USA Herald is included in the defined term Rich Gorman. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections:

Communications with USA Herald regarding media content are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

18. REQUEST NO. 18: Communications between You and Reputation Management Services concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 18 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further

objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15, as Reputation Management Services is included in the defined term Rich Gorman. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly         Burdensome         Objections: Communications with Reputation Management Services regarding media content are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

19. REQUEST NO. 19: Communications between You and Catherine Davis concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 19 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15 because Plaintiff's alleges in the First Amended Complaint that "Catherine Davis" is a pseudonym used to publish articles for the USA Herald. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections: Communications with "Catherine Davis" (an alleged pseudonym used to publish defamatory content) are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

20. REQUEST NO. 20: Communications between You and Jeff Waterman concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 20 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15 because Plaintiff's alleges in the First Amended Complaint that "Jeff Waterman" is a pseudonym used to publish articles for the USA Herald. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly      Burdensome      Objections:

Communications with "Jeff Waterman" (an alleged pseudonym used to publish defamatory content) are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

21.    REQUEST    NO.    21:    Communications    between    You    and richard.gorman@vitaminenergy.com concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 21 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and

subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with Richard Gorman's specific email address are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

22.     REQUEST NO. 22: Communications between You and ops@reputationmanagement.net concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 22 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether

such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 18. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections: Communications with a specific email address associated with reputation management are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

23.    REQUEST    NO.    23:    Communications    between    You    and impact@directresponse.net concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 23 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly    Burdensome    Objections: Communications with a specific email address related to direct response are relevant to the dissemination of content.

Vagueness Objection: "Media content" is clear.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

24. REQUEST NO. 24: Communications between You and ops@usaherald.com concerning media content related to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 24 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 17. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections: Communications with a specific email address associated with USA Herald are highly relevant.

Vagueness Objection: "Media content" is clear.

Duplicative Objection: Being duplicative does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

25. REQUEST NO. 25: Documents identifying pseudonyms, usernames, or email addresses used by You to correspond with any person publishing media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 25 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents identifying pseudonyms, usernames, or email addresses without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to

this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: The use of pseudonyms and aliases is explicitly alleged in the First Amended Complaint as a key part of the defamation campaign (e.g., Catherine Davis, Jeff Watterman). The relevance is direct and clear, and the objections are boilerplate.

Vagueness Objection: "Media content" is clear.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

26. REQUEST NO. 26: Documents relating to SEO, backlinking, or syndication services used in connection with media content mentioning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 26 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents relating to SEO, backlinking, or syndication services without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to

multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: The First Amended Complaint specifically alleges that Jefferson purchased "sophisticated search engine optimization services" and "backlinking" to increase visibility of defamatory content. These services are directly relevant.

Vagueness Objection: "Media content" is clear.

Lack of Possession/Custody/Control: This objection is unconvincing, as Jefferson would presumably have records of services he paid for.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

27. REQUEST NO. 27: Communications in which You suggested or encouraged publication of negative information about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 27 because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections: Communications where Jefferson suggested or encouraged negative publications are

highly relevant to his intent and involvement in the defamation campaign. The objections are baseless.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

28. REQUEST NO. 28: Invoices, receipts, or bank records evidencing any payments made in connection with the publication or dissemination of media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 28 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks invoices, receipts, or bank records evidencing any payments made without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product

doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 1-8. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Financial records evidencing payments for media content are central to the alleged financial arrangements of the defamation scheme.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here. Given his "lacks knowledge" responses to RFAs about payments (RFAs 9, 19, 24, 25, 26, 27, 28), it is critical for him to produce actual financial records, or state definitively, under oath, that no such records exist.

29. REQUEST NO. 29: Communications referencing "Patrick the scam artist," "American Greed," or threats to damage Plaintiff's reputation.

Jefferson's Objections: Jefferson objects to Request No. 29 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as vague, ambiguous, and does not provide sufficient specificity as to what Plaintiff considers as a threat to damage his reputation. Jefferson further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to this litigation in Arizona, styled Lev v. Horsman et al., Case No. CV2020-012256 (Ariz. Sup. Ct) ("Arizona Action"). Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 29.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: These communications are explicitly referenced in the First Amended Complaint

(Paragraph 24) and are highly relevant to Jefferson's malicious intent and motive. The objections are baseless.

Vagueness Objection: The request uses direct quotes ("Patrick the scam artist," "American Greed") and a clear category ("threats to damage Plaintiff's reputation"). These are not vague.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents (from the Arizona Action) does not relieve Jefferson of his discovery obligations to produce responsive documents within his control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Refusal to Produce: The outright refusal to produce is improper and obstructs discovery.

30. REQUEST NO. 30: Communications intended to damage Patrick Horsman's reputation.

Jefferson's Objections: Jefferson objects to Request No. 30 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession,

custody, or control of Plaintiff as evidenced in the proceedings involving the same

parties to the Arizona Action. Jefferson's Response: Based on the foregoing Specific

Objections, Jefferson will not produce documents in response to Request No. 30.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections:

Communications demonstrating intent to damage Plaintiff's reputation are directly

relevant to malice and the defamation claims.

Documents Already in Possession: The fact that Plaintiff may already possess some

of these documents does not relieve Jefferson of his discovery obligations.

Refusal to Produce: The outright refusal to produce is improper.

31. REQUEST NO. 31: Communications intended to convince Patrick Horsman to

pay you, or BRJ Holdings III, LLC, money.

Jefferson's Objections: Jefferson objects to Request No. 31 because it is not limited

in scope in a manner that is relevant to the matters in dispute or proportional to the

needs of this case, as Plaintiff seeks communications without regard to whether such

communications have any relevance to the claims or defenses in this action.

Jefferson further objects to this Request as overly broad and unduly burdensome, as

this Request is not limited to any applicable time period. Jefferson further objects

this Request to the extent that it seeks documents that are already in the possession,

custody, or control of Plaintiff as evidenced in the proceedings involving the same

parties to the Arizona Action. Jefferson's Response: Based on the foregoing Specific

Objections, Jefferson will not produce documents in response to Request No. 31.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections:

Communications related to extorting payment from Plaintiff are highly relevant to

Jefferson's motive and the alleged wrongful conduct.

Documents Already in Possession: The fact that Plaintiff may already possess some

of these documents does not relieve Jefferson of his discovery obligations.

Refusal to Produce: The outright refusal to produce is improper.

32. REQUEST NO. 32: Documents identifying aliases or pseudonyms You used to

communicate with media content providers since January 2020.

Jefferson's Objections: Jefferson objects to Request No. 32 because it is not limited

in scope in a manner that is relevant to the matters in dispute or proportional to the

needs of this case, as Plaintiff seeks documents identifying aliases or pseudonyms

without regard to whether such documents have any relevance to the claims or

defenses in this action. Jefferson further objects to this Request on the grounds that

the term "media content provider" is vague, ambiguous, and subject to multiple

interpretations. Jefferson further objects to this Request to the extent that it seeks

information protected from disclosure by the attorney-client privilege, the work-

product doctrine, and/or other privileges or immunities. Jefferson further objects to

this Request as duplicative of Request No. 25. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: The use of pseudonyms and aliases is explicitly alleged in the First Amended Complaint as a key part of the defamation campaign (e.g., Catherine Davis, Jeff Watterman). The relevance is direct and clear, and the objections are boilerplate.

Vagueness Objection: "Media content provider" is clearly defined in the general definitions provided by Plaintiff at the beginning of the RFPs and not vague in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

33. REQUEST NO. 33: Documents and communications reflecting any payments made by You to any media content provider or individual involved in publishing media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 33 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents and communications that may relate to Patrick Horsman without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-8 and 28. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Payments to

media content providers are central to the alleged financial scheme.

Vagueness Objection: "Media content provider" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and

produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the

case here.

34. REQUEST NO. 34: Communications between You and any individual affiliated

with the USA Herald relating to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 34 because it is not limited

in scope in a manner that is relevant to the matters in dispute or proportional to the

needs of this case, as this Request seeks communications without regard to whether

such communications have any relevance to the claims or defenses in this action.

Jefferson further objects to this Request as overly broad and unduly burdensome, as

this Request is not limited to any applicable time period. Jefferson further objects to

this Request as duplicative of numerous Requests, including, but not limited to,

Request Nos. 10 and 15-24. Jefferson's Response: Notwithstanding the foregoing

Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with USA Herald affiliates are highly relevant given the allegations that USA Herald published defamatory content.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

35. REQUEST NO. 35: Documents or communications concerning the drafting, editing, or approval of any media content referencing Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 35 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any documents concerning "drafting, editing, or approval of any media content" without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this

Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10-11 and 15-24.

Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents and communications related to drafting, editing, or approving media content about Plaintiff are central to proving Jefferson's involvement and malicious intent in the defamation.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

36. REQUEST NO. 36: Drafts, outlines, or preliminary notes related to any media content that references Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 36 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any "drafts outlines, or preliminary notes related to any media content" without regard to whether such drafts, outlines, or preliminary notes have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 11 and 35. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Drafts, outlines, or notes related to media content about Plaintiff are highly relevant to the creation and malicious intent behind the alleged defamatory publications.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

37. REQUEST NO. 37: Documents between You and any person or entity hired to assist with publicity, PR, or media content regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 37 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents between You and other persons without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 10, 15-24, and 34. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-

privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents with persons hired for publicity/PR are highly relevant to the organized effort to disseminate content about Plaintiff.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

38. REQUEST NO. 38: Documents that reference or contain the name "Catherine Davis" in connection with media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 38 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents that reference or contain the name Catherine Davis without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable

time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 15 and 19. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents referencing "Catherine Davis" (an alleged pseudonym used for defamatory content) are highly relevant.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

39. REQUEST NO. 39: Documents that reference or contain the name "Jeff Waterman" in connection with media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 39 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents that reference or contain the name Jeff Waterman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 15 and 20. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents referencing "Jeff Waterman" (an alleged pseudonym used for defamatory content) are highly relevant.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

40. REQUEST NO. 40: Documents that reference or contain the name "Rich Gorman" or "Richard Gorman" in connection with media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 40 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any documents referencing the name "Richard Gorman" or "Rich Gorman," without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited

to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-6, 9, 15-24, and 34. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents referencing Rich Gorman are central to the alleged defamation scheme.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

41. REQUEST NO. 41: Communications to and from joeyrocks99@protonmail.com concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 41 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 15-24. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications from this email account are directly relevant to Jefferson's alleged involvement in the defamation campaign, as explicitly alleged in the First Amended Complaint. The objections are baseless.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here. Given Jefferson's claim in RFA 80 that no emails exist in this account due to ProtonMail's retention policy, this response to produce "if any" is contradictory and evasive.

42. REQUEST NO. 42: Communications to and from encrypted or anonymized platforms (e.g., ProtonMail, Signal) concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 42 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson

further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 15-24 and 41. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications on encrypted/anonymized platforms are highly relevant given the allegations of concealed activity and the use of such platforms in the First Amended Complaint.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

43. REQUEST NO. 43: Financial records, including but not limited to bank statements and wire transfer records, reflecting payments for media content concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 43 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks financial records without regard to whether such records have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-8, 28, and 33. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Financial records of payments for media content about Plaintiff are central to the alleged financial arrangements of the defamation scheme.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here. Given his "lacks knowledge" responses to RFAs about payments (RFAs 9, 19, 24, 25, 26, 27, 28), it is critical for him to produce actual financial records, or state definitively, under oath, that no such records exist.

44. REQUEST NO. 44: Communications, direct or indirect, with any person at CryptoSaurus, including but not limited to a journalist, operator, or editor, relating to media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 44 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with any person at CryptoSaurus without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as

overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of Request No. 10. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with CryptoSaurus are highly relevant, as a CryptoSaurus article is linked in a key email from Gorman that Jefferson allegedly received (FAC Paragraph 53).

Vagueness Objection: "Media content" is clear.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received with CryptoSaurus would be in his control.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

45. REQUEST NO. 45: Communications, direct or indirect, with any person at ValueWalk, including but not limited to a journalist, operator, or editor, relating to media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 45 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with any person at ValueWalk without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of Request No. 10. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections: Communications with ValueWalk are highly relevant, as the First Amended Complaint alleges Jefferson and Andrews "directed the USA Herald's operator to contact Valuewalk to republish" content.

Vagueness Objection: "Media content" is clear.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received with ValueWalk would be in his control.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

46. REQUEST NO. 46: Communications, direct or indirect, with any person at the Miami Herald, including but not limited to a journalist, operator, or editor, relating to media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 46 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with any person at the Miami Herald without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly

broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request No. 10. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 46.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with the Miami Herald are relevant to any dissemination of allegedly defamatory content.

Vagueness Objection: "Media content" is clear.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations to produce responsive documents within his control.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

47. REQUEST NO. 47: Communications, direct or indirect, with the operator or editor of any media content provider that published articles about Patrick Horsman. Jefferson's Objections: Jefferson objects to Request No. 47 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with the operator of any media content provider without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 10. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with operators/editors of media content providers are highly relevant to proving the alleged publication and dissemination of defamatory content.

Vagueness Objection: "Media content provider" is clear.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

48. REQUEST NO. 48: Communications where You reference "Patrick the scam artist," "fraud," or "American Greed" in connection with Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 48 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to this litigation in the Arizona Action. Jefferson further objects to this

Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 29. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 48.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: These communications use direct quotes from the First Amended Complaint (Paragraph 24) and are highly relevant to Jefferson's malicious intent. The objections are baseless.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

49. REQUEST NO. 49: Communications referencing the Remcoda Lawsuit.

Jefferson's Objections: Jefferson objects to Request No. 49 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as it seeks all communications referencing a lawsuit without regard to whether such communications have any relevance to the claims or defenses

in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications referencing the Remcoda Lawsuit are directly relevant to the origins and content of the allegedly defamatory Remcoda Article.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

50. REQUEST NO. 50: Communications referencing the LGBCoin Lawsuit.

Jefferson's Objections: Jefferson objects to Request No. 50 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the

needs of this case, as it seeks all communications referencing a lawsuit without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications referencing the LGBCoin Lawsuit are directly relevant to the origins and content of the allegedly defamatory LGBCoin Article.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

51. REQUEST NO. 51: Documents relating to damaging or influencing the public reputation of Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 51 as overly broad and unduly burdensome, as this Request is not limited to any applicable time period or subject matter of documents relating to influence over Plaintiff's public reputation. Jefferson further objects to this Request on the grounds that the terms "damaging" or "influencing" are vague, ambiguous, and are subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 27 and 30. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 51.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents related to damaging or influencing Plaintiff's reputation are central to the defamation claims and intent. The terms "damaging" or "influencing" are clear in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

52. REQUEST NO. 52: Communications regarding the use of media content as leverage against Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 52 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as it seeks all communications regarding the use of media content without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content" and "leverage" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same

parties to the Arizona Action. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 27, 29, 48, and 51. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 52.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly      Burdensome      Objections: Communications about using media content as leverage are highly relevant to Jefferson's motive and the alleged civil conspiracy.

Vagueness Objection: "Media content" and "leverage" are clear in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

53. REQUEST NO. 53: All documents referencing the use of pseudonymous journalists to publish content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 53 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as it seeks all documents referencing the use of pseudonyms without regard to whether such documents have any relevance to the claims or

defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 19-20, 25, 32, 38, and 39. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents referencing pseudonymous journalists are highly relevant given the allegations in the First Amended Complaint that "Catherine Davis" and "Jeff Watterson" are pseudonyms used by Defendants.

Lack of Possession/Custody/Control: This objection is unconvincing, as documents about pseudonyms he used or authorized would be in his control.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

54. REQUEST NO. 54: Communications regarding removal or retraction of articles involving Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 54 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff asserts no claim against Jefferson arising out of or relating to removal or retraction of articles written about Patrick Horsman. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections: Communications regarding removal or retraction are relevant to proving that the articles were indeed defamatory or problematic, and to understanding Defendants' awareness of their wrongful nature.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

55. REQUEST NO. 55: Communications regarding compensation or other benefits in exchange for negative publications or media content about Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 55 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff asserts no claim against Jefferson arising out of or relating to "negative publications or media content about Patrick Horsman". Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content," "benefits," and

"negative" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-8, 28, and 33. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications regarding compensation for negative publications are highly relevant to proving a scheme of defamation and financial incentives. The objection that Plaintiff asserts no such claim is incorrect; the claims are for defamation, civil conspiracy, and aiding and abetting, all of which are supported by the use of paid-for negative publications.

Vagueness Objection: The terms are clear in this context.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

56. REQUEST NO. 56: Documents and Communications with instructions regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 56 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents and communications regarding Plaintiff without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "instructions" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further

objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 56.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents and communications with instructions regarding Plaintiff are highly relevant to Jefferson's control and orchestration of the alleged defamatory campaign.

Vagueness Objection: The term "instructions" is clear in this context.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Refusal to Produce: The outright refusal to produce is improper.

57. REQUEST NO. 57: Media content referencing Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 57 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks media content referencing Patrick Horsman without regard to whether such content has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson

further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Media content referencing Plaintiff is directly relevant to the defamation claims.

Vagueness Objection: "Media content" is clear.

Lack of Possession/Custody/Control: This objection is unconvincing, as media content he possessed or controlled would be responsive.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive

response that often leads to no production or insufficient production, as has been the case here.

58. REQUEST NO. 58: Communications, direct or indirect, with anyone at Jacobson Strategy regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 58 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks any communications with anyone at Jacobson Strategy referencing Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections: Communications with Jacobson Strategy are highly relevant as the First Amended Complaint alleges Jefferson and Andrews instructed the USA Herald's operator to email Jacobson Strategy to "republish with specific instructions on how to disseminate the defamatory content".

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

59. REQUEST NO. 59: Documents or communications referencing the "Bachow v. Horsman" case.

Jefferson's Objections: Jefferson objects to Request No. 59 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications referencing a lawsuit without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to

any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 15-24. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: References to the "Bachow v. Horsman" case are highly relevant as a specific article about this case was allegedly proposed to Jefferson by Gorman for $15,000 to "tie it into the other 2 articles".

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

60. REQUEST NO. 60: Communications in which You email court documents as attachments to media content providers regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 60 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications involving "court documents as attachments to media content providers" without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10, 15-24, 34, 37, 41-42, 47, 49-50, and 56. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly                Burdensome        Objections: Communications involving emailing court documents to media content providers

are highly relevant to how allegedly defamatory content was generated and disseminated, particularly given the FAC alleges Jefferson emailed a legal document to the USA Herald's operator.

Vagueness Objection: "Media content provider" is clear.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

61. REQUEST NO. 61: Communications in which You email court documents as attachments to Rich Gorman regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 61 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications involving "court documents as attachments to Rich Gorman" without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10, 15-24, 34, 37, 41-42, 47, 49-50, 56, and 60. Jefferson's Response: Notwithstanding the foregoing

Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications involving emailing court documents to Rich Gorman are highly relevant to how allegedly defamatory content was generated and disseminated, particularly given the FAC alleges Jefferson emailed a legal document to the USA Herald's operator.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

62. REQUEST NO. 62: Communications in which You email court documents as attachments to Ryan Andrews or Andrews Law Firm regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 62 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with Ryan Andrews or Andrews Law Firm without regard to whether such communications have any

relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 12-14.

Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 62.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications involving emailing court documents to Ryan Andrews or Andrews Law Firm are highly relevant to the alleged conspiracy and how content was handled among the co-defendants.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

63. REQUEST NO. 63: Documents reflecting the scope of your engagement with Ryan Andrews or Andrews Law Firm regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 63 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents reflecting Jefferson's "scope of engagement" with Ryan Andrews or Andrews Law Firm without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 63.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents defining the scope of engagement are central to the alleged civil conspiracy and aiding and abetting claims, particularly as the FAC alleges Andrews acted as Jefferson's agent and co-conspirator.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Refusal to Produce: The outright refusal to produce is improper.

64. REQUEST NO. 64: Documents reflecting payments to Ryan Andrews or Andrews Law Firm relative to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 64 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents reflecting payments to Ryan Andrews or Andrews Law Firm relative to Patrick Horsman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 7, 28, 43, and 55. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 64.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents reflecting payments to Ryan Andrews or Andrews Law Firm regarding Patrick Horsman are highly relevant to the alleged scheme of routing payments and the civil conspiracy.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

65. REQUEST NO. 65: Invoices from Ryan Andrews or Andrews Law Firm regarding Horsman and Gorman.

Jefferson's Objections: Jefferson objects to Request No. 65 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all invoices from Ryan Andrews or Andrews Law Firm regarding Horsman and Gorman without regard to whether such invoices have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 7, 28, 43, and 55. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 65.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Invoices from Andrews Law regarding Horsman and Gorman are highly relevant to the alleged financial scheme and the coordination between defendants and Gorman.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

66. REQUEST NO. 66: Documents referring to or discussing "reputation management" services concerning Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 66 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents related to reputation management services without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "reputation management services" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-

product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 9, 18, and 22. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents discussing "reputation management" services are highly relevant given the nature of the alleged defamation campaign.

Vagueness Objection: The term "reputation management services" is clear in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that often leads to no production or insufficient production, as has been the case here.

67. REQUEST NO. 67: Communications with anyone at Andrews Law about the USA Herald, CryptoSaurus, or any other media content provider that published articles involving Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 67 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with "anyone at Andrews Law" about any media content provider that has ever published any article about Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 12-14 and 62. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 67.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections: Communications with Andrews Law about media content providers are highly relevant to the alleged conspiracy and coordination of defamatory publications.

Vagueness Objection: "Media content provider" is clear.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

68. REQUEST NO. 68: Communications referencing or proposing the use of negative press to coerce or pressure Patrick Horsman for financial or business purposes.

Jefferson's Objections: Jefferson objects to Request No. 68 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "negative press" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the

extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27, 29, 48, 52, and 55. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 68.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications regarding using negative press to coerce Plaintiff are highly relevant to Jefferson's motive and the alleged civil conspiracy. The First Amended Complaint (Paragraph 24) directly addresses this.

Vagueness Objection: The term "negative press" is clear in this context.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

69. REQUEST NO. 69: Documents and communications instructing or requesting the publication of media content linking Patrick Horsman to criminal investigations, fraud, or regulatory violations.

Jefferson's Objections: Jefferson objects to Request No. 69 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27 and 56. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents and communications instructing or requesting publication of content linking Plaintiff to criminal investigations, fraud, or regulatory violations are highly relevant to the defamation claims and malicious intent, as the articles explicitly make such links.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

70. REQUEST NO. 70: Documents reflecting planning or collaboration involving media content relative to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 70 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents reflecting planning or collaborating involving media content without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited

to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content," "planning," and "collaborating" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents reflecting planning or collaboration regarding media content are central to the civil conspiracy claims.

Vagueness Objection: The terms "media content," "planning," and "collaborating" are clear in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

71. REQUEST NO. 71: Documents evidencing referrals or recommendations to media professionals or PR operatives for the purpose of promoting media content about Horsman.

Jefferson's Objections: Jefferson objects to Request No. 71 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents evidencing referrals or recommendations to media professionals without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 37. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce

any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents related to referrals to media professionals or PR operatives for promoting content about Plaintiff are highly relevant to the organized nature of the alleged defamation. Privilege Objection: A blanket privilege assertion without a privilege log is deficient. Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

72. REQUEST NO. 72: Documents and communications in which the publication of negative information about Horsman was discussed.

Jefferson's Objections: Jefferson objects to Request No. 72 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications about "publication of negative information" without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to

this Request on the grounds that the terms "publication" and "negative information" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27, 52, 55, and 68. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 72.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents and communications discussing publication of negative information are highly relevant to the defamation claims and malicious intent.

Vagueness Objection: The terms "publication" and "negative information" are clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

73. REQUEST NO. 73: Communications between You and any person at Hildene Capital that relate to Patrick Horsman and media coverage or online publications.

Jefferson's Objections: Jefferson objects to Request No. 73 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications between Jefferson and "any person at Hildene Capital" regarding Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media coverage" and "online publications" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with Hildene Capital (Jefferson's employer) regarding media coverage of Plaintiff are relevant to understanding the scope of his actions and their impact.

Vagueness Objection: The terms "media coverage" and "online publications" are clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

74. REQUEST NO. 74: Communications, direct or indirect, between You and any bank or financial institution that reference or relate to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 74 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications between Jefferson and "bank or financial institution" relating to Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from

disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 28 and 43. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections: Communications with financial institutions are highly relevant to Plaintiff's alleged damages, including financial difficulties caused by the defamation.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

75. REQUEST NO. 75: Documents and communications in which You discussed using media content, including but not limited to articles about Patrick Horsman, to influence, pressure, or induce action by any bank or financial institution with which Patrick Horsman had a relationship.

Jefferson's Objections: Jefferson objects to Request No. 75 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications between Jefferson and "any bank or financial institution" that may have any sort of relationship with Patrick Horsman, whether in a personal or business capacity without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "influence," "pressure," "induce," and "financial institution" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 28, 43, and 74. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications about influencing financial institutions are highly relevant to Jefferson's alleged intent to cause harm to Plaintiff's financial interests.

Vagueness Objection: The terms "influence," "pressure," "induce," and "financial institution" are clear in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

76. REQUEST NO. 76: Documents sufficient to identify all email addresses, aliases, or usernames You have used to communicate about Patrick Horsman, including but not limited to any accounts associated with Hildene Capital, or ProtonMail.

Jefferson's Objections: Jefferson objects to Request No. 76 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents evidencing email addresses or online accounts used by Jefferson, whether in a personal or business capacity, without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period.

Jefferson further objects to this Request on the grounds that the term "identify" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 25. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents identifying aliases or email addresses are highly relevant to the alleged use of concealed identities in the defamation campaign.

Vagueness Objection: The term "identify" is clear.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

77. REQUEST NO. 77: All communications between You and Richard Gorman sent from any email address associated with Hildene Capital that relate to Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 77 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications between You and Richard Gorman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 15-24 and 34. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly        Burdensome        Objections: Communications between Jefferson and Gorman from a Hildene Capital email address are highly relevant to the alleged defamation scheme.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce any non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

78. REQUEST NO. 78: Account startup documents for the email address joeyrocks99@protonmail.com.

Jefferson's Objections: Jefferson objects to Request No. 78 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks account startup documents for an email address without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "startup documents" is vague, ambiguous, and subject to multiple interpretations. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Startup documents for the joeyrocks99@protonmail.com account are relevant to its creation, ownership, and history, which are contested.

Vagueness Objection: The term "startup documents" is clear in context.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production. Given Jefferson's claim in RFA 80 that the account has been deleted per a retention policy, this request for startup documents becomes even more crucial to verifying his claims.

79. REQUEST NO. 79: Documents and communications concerning the creation, purpose, use, or access of the email address joeyrocks99@protonmail.com.

Jefferson's Objections: Jefferson objects to Request No. 79 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications concerning the "creation, purpose, use, or access" of an email without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "creation," "purpose," "use," or "access" are vague, ambiguous, and subject to multiple interpretations.

Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents and communications regarding the joeyrocks99@protonmail.com account's creation, purpose, use, or access are central to the allegations of Jefferson's concealed involvement in the defamation.

Vagueness Objection: The terms "creation," "purpose," "use," or "access" are clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

80. REQUEST NO. 80: Documents sufficient to show whether You searched the joeyrocks99@protonmail.com account for emails responsive to these Requests, and

if You contend that no emails exist in that account, all documents supporting or explaining that contention.

Jefferson's Response: Jefferson states that no emails exist in the joeyrocks99@protonmail.com email account pursuant to ProtonMail's standard retention policy. Jefferson therefore does not have documents responsive to this Request.

Reasons Why Discovery Should Be Compelled:

Insufficient Explanation/Support: While Jefferson states why he believes no emails exist (ProtonMail's standard retention policy), he fails to produce "all documents supporting or explaining that contention" as requested. This would include documentation from ProtonMail regarding its retention policy as applied to his account, or other evidence demonstrating that the account was deleted and emails purged according to that policy. Without such supporting documents, this response is deficient.

81. REQUEST NO. 81: Documents reflecting communications in which You discussed using negative media content about Patrick Horsman as a means to pressure him, extract value from him, or gain leverage in any legal, business, or financial matter.

Jefferson's Objections: Jefferson objects to Request No. 81 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the

needs of this case, as Plaintiff seeks documents reflecting communications without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "pressure," "extract value from," and "gain leverage in any legal, business, or financial matter" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27, 52, 55, 68, and 75. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 81.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly          Burdensome          Objections: Communications discussing using negative media content as leverage are highly relevant to Jefferson's motive and the alleged civil conspiracy. The terms "pressure," "extract value from," and "gain leverage" are clear in this context.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

82. REQUEST NO. 82: All documents concerning the removal, retraction, editing, or deindexing of any article or media content referencing Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 82 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents concerning the removal, retraction, editing, or deindexing of any article or media content referencing Patrick Horsman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege,

the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 54. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Documents concerning removal, retraction, editing, or deindexing are relevant to proving the articles were indeed defamatory or problematic, and to understanding Defendants' awareness of their wrongful nature.

Vagueness Objection: "Media content" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

83. REQUEST NO. 83: Communications between You and the Miami Herald regarding Patrick Horsman.

Jefferson's Objections: Jefferson objects to Request No. 83 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications regarding Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 46. Jefferson's Response: Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 83.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with the Miami Herald are relevant to any dissemination of allegedly defamatory content.

Documents Already in Possession: The fact that Plaintiff may already possess some of these documents does not relieve Jefferson of his discovery obligations.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Refusal to Produce: The outright refusal to produce is improper.

84. REQUEST NO. 84: Communications between You and any non-party regarding Patrick Horsman and media publications.

Jefferson's Objections: Jefferson objects to Request No. 84 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with any person who is not a party to this case regarding Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media publications" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 25. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request

and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications with non-parties regarding Plaintiff and media publications are highly relevant to the scope and impact of the alleged defamation.

Vagueness Objection: "Media publications" is clear.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

85. REQUEST NO. 85: Documents and communications regarding the Cease and Desist Notice dated September 1, 2022 which was sent to the USA Herald and forwarded to you.

Jefferson's Objections: Jefferson objects to Request No. 85 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents and communications regarding a cease and desist notice without regard to whether such notice has any relevance to the claims or defenses in this action. Jefferson further objects to this Request to the

extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: Documents and communications regarding the cease and desist notice are highly relevant to demonstrating Jefferson's knowledge of Plaintiff's objections and his subsequent alleged malicious actions.

Lack of Possession/Custody/Control: This objection is unconvincing, as a cease and desist notice forwarded to him would be in his possession or control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

86. REQUEST NO. 86: Documents and communications regarding communications in early September 2022 with Gorman subsequent to the Cease and Desist Notice dated September 1, 2022 which was sent to the USA Herald and forwarded to you.

Jefferson's Objections: Jefferson objects to Request No. 86 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents and communications regarding a cease and desist notice without regard to whether such notice has any relevance to the claims or defenses in this action. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: Documents and communications with Gorman after the cease and desist notice are highly relevant to proving continued

malicious intent and action, as the FAC alleges further dissemination after this notice.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

87. REQUEST NO. 87: Documents and communications regarding communications in early September 2022 with Andrews subsequent to the Cease and Desist Notice dated September 1, 2022 which was sent to the USA Herald and forwarded to you.

Jefferson's Objections: Jefferson objects to Request No. 87 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents and communications regarding a cease and desist notice without regard to whether such notice has any relevance to the claims or defenses in this action. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson's Response: Based on the

foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 87.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality Objection: Documents and communications with Andrews after the cease and desist notice are highly relevant to proving continued malicious intent and coordinated action.

Lack of Possession/Custody/Control: This objection is unconvincing, as communications he made or received would be in his control.

Privilege Objection: A blanket privilege assertion is insufficient. Jefferson must provide a privilege log identifying each document withheld, the privilege asserted, and a sufficient basis for the privilege claim.

Refusal to Produce: The outright refusal to produce is improper.

88. REQUEST NO. 88: Communications between You and any party or non-party regarding the August 27, 2022 Defamatory Remcoda Article.

Jefferson's Objections: Jefferson objects to Request No. 88 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with any person who is not a party to this case without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to

any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 13 and 49.

Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications regarding the Remcoda Article are highly relevant to the defamation claims.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

89. REQUEST NO. 89: Communications between You and any party or non-party regarding the May 29, 2023 Defamatory LGBCoin Article.

Jefferson's Objections: Jefferson objects to Request No. 89 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with any person who is not a party to this case without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 12 and 50.

Jefferson's Response: Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

Reasons Why Discovery Should Be Compelled:

Relevance/Proportionality/Overbroad/Unduly Burdensome Objections: Communications regarding the LGBCoin Article are highly relevant to the defamation claims.

Privilege Objection: A blanket privilege assertion without a privilege log is deficient.

Duplicative Objection: Does not excuse a substantive response.

Conditional Production: The response "will perform a reasonable search... and produce non-privileged documents, if any" is a non-committal and evasive response that has resulted in no production or insufficient production.

90. REQUEST NO. 90: Produce all documents relating to the following May 30, 2023 email from Gorman to your joeyrocks99@protonmail.com email address: Under the first 15k I will do another article on the LGBCoin case, pushing to get the lawyer to add Horsman individually and I will work to shift social media to pointing Horsman as the "guy behind the iron curtain." FYI I have already gotten crypto media outlets to pick up the story, check it: https://cryptosaurus.tech/patrick-horsman-and-business-partner-thomas-mclaughlin-wrapped-up-in-lgbcoin-class-action-lawsuit/ I'll do the Bachow v Horsman article for another $15k, it's a 74 page complaint and needs a lot of research. We'll write 2 articles on it. It will take 3-4 days to get the first article one, need to fully research. Will tie it into the other 2 articles. Deal?

Jefferson's Response: Jefferson states that he does not have documents responsive to this Request.

Reasons Why Discovery Should Be Compelled:

Lack of Documents: Jefferson's statement that he "does not have documents responsive to this Request" implies he possesses no documents related to a key email explicitly referenced in the First Amended Complaint (Paragraph 53) as being

received by him. This contradicts his "lacks knowledge" responses to RFAs 96 and 97 about receiving and responding to this very email. Given the central importance of this email to the alleged conspiracy and payment scheme, this response is highly suspect and evasive.

91. REQUEST NO. 91: Produce all documents constituting your response to the following May 30, 2023 email from Gorman to your joeyrocks99@protonmail.com email address: Under the first 15k I will do another article on the LGBCoin case, pushing to get the lawyer to add Horsman individually and I will work to shift social media to pointing Horsman as the "guy behind the iron curtain." FYI I have already gotten crypto media outlets to pick up the story, check it: https://cryptosaurus.tech/patrick-horsman-and-business-partner-thomas-mclaughlin-wrapped-up-in-lgbcoin-class-action-lawsuit/ I'll do the Bachow v Horsman article for another $15k, it's a 74 page complaint and needs a lot of research. We'll write 2 articles on it. It will take 3-4 days to get the first article one, need to fully research. Will tie it into the other 2 articles. Deal?

Jefferson's Response: Jefferson states that he does not have documents responsive to this Request.

Reasons Why Discovery Should Be Compelled:

Lack of Documents: Jefferson's statement that he "does not have documents responsive to this Request" regarding his response to a key email (also referenced in

FAC Paragraph 53) is highly suspect and evasive, especially given his "lacks knowledge" response to RFA 97 about whether he responded to it. If he responded, there should be documents reflecting that response, or a definitive explanation of why none exist.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By:    /s/ Kenneth E. Chase
      Kenneth E. Chase
      Florida Bar No. 017661
      kchase@chaselaw.com
      Chase Law & Associates, P.A.
      951 Yamato Road, Suite 280
      Boca Raton, FL 33431
      Telephone: (305) 402-9800

      *Attorneys for Plaintiff Patrick Horsman*

## LOCAL RULE 7.1(B) CERTIFICATE

On June 25, 2025, the undersigned provided a "DRAFT" version of this motion to counsel for Defendant Brett Jefferson.

By:    /s/ Kenneth E. Chase
      Kenneth E. Chase

## LOCAL RULE 7.1(F) CERTIFICATE

The undersigned hereby certifies that this Motion is in compliance with the Court's word limit. According to the word processing program used to prepare this Motion, the total number of words in the document, inclusive of headings, footnotes and quotations, and exclusive of the case style, signature block, and any certificate of service is _____.

By:    */s/ Kenneth E. Chase*
Kenneth E. Chase

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves electronic notice to all counsel of record, on _____.

By:    */s/ Kenneth E. Chase*
Kenneth E. Chase