## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DISTRICT

|  |  |  |
|---|---|---|
| PATRICK HORSMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:24-cv-00342-AW-MAF |
| BRETT JEFFERSON, RYAN ANDREWS, and ANDREWS LAW FIRM, P.A., | § § § § | |
| Defendants. | § | |

## DEFENDANT BRETT JEFFERSON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the applicable Local Rules for the Northern District of Florida, Defendant Brett Jefferson ("Jefferson"), by and through his undersigned counsel, hereby responds and objects to Plaintiff Patrick Horsman's ("Plaintiff" or "Horsman") First Set of Interrogatories to Defendant Brett Jefferson, served on May 16, 2025 (each interrogatory therein, individually, a "Interrogatory" and, collectively, the "Interrogatories"). Jefferson's Responses and Objections to each Interrogatory are provided after reasonable inquiry and are based upon information currently known or readily available to him. Jefferson reserves the right to amend, supplement, modify, or correct these Responses and Objections as appropriate.

1

## OBJECTIONS TO DEFINITIONS

The following Objections to Definitions are incorporated into the responses below as if they are fully repeated therein where the objectionable Definitions are used in the Interrogatory.

1.     Jefferson objects to the term "Document" to the extent it imposes burdens that are inconsistent with, or exceed the requirements of, the Federal Rules of Civil Procedure, Local Rules, and/or other applicable rules or procedure of law.

2.     Jefferson objects to the term "Communications" because it is duplicative of the term "Document."

3.     Jefferson objects to the definition of "You" as vague, overly broad, and unduly burdensome because it includes Jefferson's agents, employees, and attorneys. Jefferson further objects to the definition of "You" to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson will construe the term "You" to refer to Jefferson in his individual capacity.

4.     Jefferson objects to the incorporation of terms defined in Plaintiff's First Amended Complaint ("FAC") to the extent they call for legal conclusions or are predicated upon unsupported legal conclusions.

5.     Jefferson objects to the definition of "Media Content" as vague, overly broad, and unduly burdensome, as it includes virtually any material referencing

Horsman, regardless of the material's relevance to the claims in this case. Jefferson further objects to the definition of "Media Content" to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

6.      Jefferson objects to the definition of "Media Content Provider" as overly broad and unduly burdensome as it includes individuals or entities that may not be engaged in providing media content. Jefferson further objects to the definition to the extent that it includes attorneys, for which their documents and communications would be subject to attorney-client and other relevant privileges.

7.      Jefferson objects to the definition of "identify" as overly broad and unduly burdensome to the extent that it seeks information which is not in Jefferson's possession, custody, or control. Jefferson will respond only with information in his possession, custody, or control.

8.      Jefferson objects to the definition of "Rich Gorman or Gorman" as overly broad, as it includes any company operated by Richard Gorman, regardless of whether those entities have any relevance to the claims in this case. Jefferson will construe "Rich Gorman or Gorman" to mean Richard Gorman in his individual capacity.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

When did you first create the email address joeyrocks99@protonmail.com?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as the date on which the joeyrocks99@protonmail.com email account was created bears no logical connection to the issues in dispute.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory. The joeyrocks99@protonmail.com email account has not been accessed in years and has been deleted pursuant to ProtonMail's standard retention policy.

**INTERROGATORY NO. 2:**

Why did you use the email address joeyrocks99@protonmail.com?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs

4

of this case, as it seeks information regarding all the reasons why the joeyrocks99@protonmail.com email account was used without regard to the issues in dispute. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory. The joeyrocks99@protonmail.com email account has not been accessed in years and has been deleted pursuant to ProtonMail's standard retention policy.

**INTERROGATORY NO. 3:**

When was the last time you accessed the email account joeyrocks99@protonmail.com?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a

manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as the date on which the joeyrocks99@protonmail.com email account was last used bears no logical connection to the issues in dispute.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory. The joeyrocks99@protonmail.com email account has not been accessed in years and has been deleted pursuant to ProtonMail's standard retention policy.

**INTERROGATORY NO. 4:**

If you have closed the email account joeyrocks99@protonmail.com, state the date on which you closed it and the reason for the closure.

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as it seeks information regarding all the reasons why the joeyrocks99@protonmail.com email account was closed without regard to the issues in dispute. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to

this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory. The joeyrocks99@protonmail.com email account has not been accessed in years and has been deleted pursuant to ProtonMail's standard retention policy.

**INTERROGATORY NO. 5:**

Did you delete any emails from the joeyrocks99@protonmail.com email address?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as it seeks information regarding the deletion of emails from the joeyrocks99@protonmail.com email account without regard to the issues in dispute. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory. The joeyrocks99@protonmail.com email account has not been accessed in years and has been deleted pursuant to ProtonMail's standard retention policy.

**INTERROGATORY NO. 6:**

Did anyone other than you have access to the joeyrocks99@protonmail.com email address?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as information regarding whether other persons accessed the joeyrocks99@protonmail.com email account bears no logical connection to the issues in dispute. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other

privileges or immunities. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory. The joeyrocks99@protonmail.com email account has not been accessed in years and has been deleted pursuant to ProtonMail's standard retention policy.

**INTERROGATORY NO. 7:**

Did you ask Richard Gorman, any company operated by Gorman, or the USA Herald to publish articles about Patrick Horsman?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory is not limited to the issues that form the basis of the claims asserted in this case. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 7 as follows: Jefferson informed Gorman of the existence of two

lawsuits: (1) *Remcoda, LLC v. Ridge Hill, et al.*, Case No. 1:21-cv-00979 (S.D.N.Y.); and (2) *De Ford v. Koutoulas, et al.*, No. 6:22-cv-00652 (M.D. Fla.). Jefferson discussed with Gorman the USA Herald publishing articles regarding those lawsuits. Gorman, as the sole owner and operator of the USA Herald, testified that the articles attached to the FAC, including the Remcoda Article and the LGBCoin Article, "were all researched and written by [Gorman] personally," and that "[a]ll decisions on content and publication on the USA Herald website are made solely by [Gorman] and were made by [Gorman] regarding the articles attached to the [FAC]." ECF 55 ¶¶ 5-6.

**INTERROGATORY NO. 8:**

Did you pay money to Richard Gorman, any company operated by Gorman, or the USA Herald in exchange for publication or further dissemination of articles about Patrick Horsman?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory is not limited to the issues that form the basis of the claims asserted in this case. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory on the grounds that the term "further dissemination" is vague and ambiguous and subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 9:**

Describe the terms of engagement between you and Richard Gorman, any company operated by Gorman, or the USA Herald with regard to the publication or dissemination of articles about Patrick Horsman.

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory is not limited to the issues that form the basis of the claims asserted in this case. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory on the grounds that the terms "engagement" and "dissemination" are vague and ambiguous and subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 9 as follows: There were no "terms of engagement" between Jefferson and Richard Gorman, any company operated by Gorman, or the USA Herald with regard to the publication or dissemination of articles about Horsman.

11

**INTERROGATORY NO. 10:**

Identify the dates and amounts of all payments you made to Richard Gorman, or any company operated by Gorman, including but not limited to the USA Herald, Gorman Economics, or Reputation Management Services.

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory is not limited to payments made in relation to the issues that form the basis of the claims asserted in this case. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson

lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Identify the logistical manner in which each payment you made to Richard Gorman, any company operated by Gorman, or the USA Herald occurred including the sending bank name, account name, and account number and the receiving bank name, account name, and account number for each payment.

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory seeks information about payments to Richard Gorman without regard to whether they have any relevance to the claims or defenses in this action. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information. Jefferson further objects to this Interrogatory on the grounds that the terms "logistical manner" is vague and ambiguous and subject to multiple interpretations. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 12:**

For each payment you made to Gorman, or any company operated by Gorman, state the reason for the payment. For example, $15,000 paid on May 30, 2023 for Gorman or the USA Herald to "push[] to get the lawyer to add Horsman individually [to the LGBCoin Lawsuit]."

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory seeks information about payments to Gorman without regard to whether they have any relevance to the claims or defenses in this action. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory to the extent that it seeks

14

confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 13:**

Did you hire or pay anyone other than Richard Gorman, any company operated by Gorman, or the USA Herald to publish or disseminate articles about Horsman?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory seeks information about parties and entities other than Richard Gorman and the USA Herald without regard to whether it has any relevance to the claims or defenses in this action. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 13 as follows: Jefferson did not hire or pay any third party to publish or disseminate articles about Horsman.

**INTERROGATORY NO. 14:**

Explain the totality of your involvement in the August 27, 2022 Defamatory Remcoda Article, including but not limited to whether the article was your idea, whether you requested the article, whether you paid for the article, whether you drafted, edited, approved, or contributed to the article, and the names of all persons who drafted, edited, approved, or contributed to the article.

**RESPONSE:**

Jefferson objects to this Interrogatory on the grounds that the term "Defamatory Remcoda Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory as duplicative of Interrogatory Nos. 7-12.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 14 as follows: Jefferson informed Gorman of the existence of *Remcoda, LLC v. Ridge Hill, et al.*, Case No. 1:21-cv-00979 (S.D.N.Y.), and discussed with Gorman the USA Herald publishing an article regarding that lawsuit. Gorman, as the sole owner and operator of the USA Herald, testified that the articles attached to the FAC, including the Remcoda Article, "were all researched and written

by [Gorman] personally," and that "[a]ll decisions on content and publication on the USA Herald website are made solely by [Gorman] and were made by [Gorman] regarding the articles attached to the [FAC]." ECF 55 ¶¶ 5-6.

**INTERROGATORY NO. 15:**

Did you pay any money, or agree to pay any money, or convey or agree to convey any item of value in exchange for drafting, editing, or publishing of the August 27, 2022 Defamatory Remcoda Article?

**RESPONSE:**

Jefferson objects to this Interrogatory on the grounds that the term "Defamatory Remcoda Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory as duplicative of Interrogatory Nos. 8-12 and 14.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify each person who, to your knowledge, was involved in the drafting, editing, or publishing of the August 27, 2022 Defamatory Remcoda Article of the

August 27, 2022 Defamatory Remcoda Article and summarize your knowledge of the scope of each person's involvement.

**RESPONSE:**

Jefferson objects to this Interrogatory on the grounds that the term "Defamatory Remcoda Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson further objects to this Interrogatory to the extent it seeks information which is not in Jefferson's possession, custody, or control. Jefferson will respond only with information in his possession, custody, or control.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 16 as follows: To Jefferson's knowledge, Richard Gorman was the only individual involved in drafting, editing, or publishing of the Remcoda Article.

**INTERROGATORY NO. 17:**

Explain the totality of your involvement in the May 29, 2023 Defamatory LGBCoin Article, including but not limited to whether the article was your idea, whether you requested the article, whether you paid for the article, whether you drafted, edited, approved, or contributed to the article, and the names of all persons who drafted, edited, approved, or contributed to the article.

**RESPONSE:**

Jefferson objects to this Interrogatory on the grounds that the term "Defamatory LGBCoin Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the

work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory as duplicative of Interrogatory Nos. 8-12.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 17 as follows: Jefferson informed Gorman of the existence of *De Ford v. Koutoulas, et al.*, No. 6:22-cv-00652 (M.D. Fla.), and discussed with Gorman the USA Herald publishing an article regarding that lawsuit. Gorman, as the sole owner and operator of the USA Herald, testified that the articles attached to the FAC, including the LGBCoin Article, "were all researched and written by [Gorman] personally," and that "[a]ll decisions on content and publication on the USA Herald website are made solely by [Gorman] and were made by [Gorman] regarding the articles attached to the [FAC]." ECF 55 ¶¶ 5-6.

**INTERROGATORY NO. 18:**

Did you pay any money, or agree to pay any money, or convey or agree to convey any item of value in exchange for drafting, editing, or publishing of the May 29, 2023 Defamatory LGBCoin Article?

**RESPONSE:**

Jefferson objects to this Interrogatory on the grounds that the term "Defamatory LGBCoin Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further

objects to this Interrogatory as duplicative of Interrogatory Nos. 8-12 and 17.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 19:**

Identify each person who, to your knowledge, was involved in the drafting, editing, or publishing of the May 29, 2023 Defamatory LGBCoin Article and summarize your knowledge of the scope of each person's involvement.

**RESPONSE:**

Jefferson objects to this Interrogatory on the grounds that the term "Defamatory LGBCoin Article" requires Jefferson to draw a legal conclusion in order to respond. Jefferson further objects to this Interrogatory to the extent it seeks information which is not in Jefferson's possession, custody, or control. Jefferson will respond only with information in his possession, custody, or control.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 19 as follows: To Jefferson's knowledge, Richard Gorman was the only individual involved in the drafting, editing, or publishing of the LGBCoin Article.

**INTERROGATORY NO. 20:**

Identify each email address and telephone number you used to communicate about Patrick Horsman.

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory, as it seeks information about the email accounts and telephone numbers that Jefferson used to communicate about Horsman without regard to the issues in dispute. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory to the extent that it seeks confidential business, financial, or other sensitive non-public documents or information.

Notwithstanding the foregoing Specific Objections, Jefferson responds to Interrogatory No. 20 as follows: Jefferson communicated about Patrick Horsman using two email addresses: bjefferson@hildenecap.com and joeyrocks99@protonmail.com.

**INTERROGATORY NO. 21:**

List each electronic device that you searched in connection with your document production and responses to Horsman's First Set of Requests for Production of Documents.

**RESPONSE:**

Jefferson responds that his search for documents responsive to Horsman's First Set of Requests for Production of Documents is ongoing and Jefferson reserves the right to supplement his Response to Interrogatory No. 21 at an appropriate time.

**INTERROGATORY NO. 22:**

How much money did you pay for the publication of negative media content about Patrick Horsman?

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory is not limited to the issues that form the basis of the claims asserted in this case. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory as the term "negative media content" is vague and ambiguous and subject to multiple interpretations. Jefferson further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Interrogatory as duplicative of

Interrogatory Nos. 8-12, 15, and 17.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he is diligently gathering information to answer this Interrogatory and will provide responsive information when it becomes available. Despite making reasonable efforts to obtain information responsive to this Interrogatory, Jefferson lacks knowledge or information sufficient to respond to this Interrogatory.

**INTERROGATORY NO. 23:**

Identify all witnesses by name and business address who have knowledge of negative media publications about Patrick Horsman.

**RESPONSE:**

Jefferson objects to this Interrogatory because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as this Interrogatory is not limited to any applicable time period and Plaintiff seeks any person or entity who may have knowledge "negative media publications about Patrick Horsman" without regard to whether those persons or entities have any relevance to the claims or defenses in this action. Jefferson further objects to this Interrogatory as unduly burdensome because it is not limited to any applicable time period. Jefferson further objects to this Interrogatory as the term "negative media publications" is vague and ambiguous and subject to multiple interpretations. Jefferson further objects to this Interrogatory to the extent it seeks

information which is not in Jefferson's possession, custody, or control. Jefferson will respond only with information in his possession, custody, or control.

Notwithstanding the foregoing Specific Objections, Jefferson responds that he has previously identified all witnesses who are likely to have discoverable information in his Initial Disclosures, which are incorporated here by reference. Jefferson is diligently gathering additional information to answer this Interrogatory and will provide responsive information when it becomes available.

Dated: June 16, 2025              Respectfully submitted,


**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300

*/s/ David H. Wollmuth*
David H. Wollmuth (*pro hac vice*)
Joshua M. Slocum (*pro hac vice*)
Maxwell G. Dillan (*pro hac vice*)
dwollmuth@wmd-law.com
jslocum@wmd-law.com
mdillan@wmd-law.com

and

**GREENBERG TRAURIG, P.A.**
David C. Ashburn
Fla. Bar No. 0708046
101 East College Avenue
Post Office Drawer 1838
Tallahassee, FL 32301
Phone 850-222-6891
Fax 850-521-1379
ashburnd@gtlaw.com

***Attorneys for Defendant Brett Jefferson***

## **VERIFICATION**

Brett Jefferson verifies that the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories are true and accurate to the best of his knowledge, information, and belief.

Dated: June 16, 2025

_____
Brett Jefferson