**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DISTRICT**

| | | |
|---|---|---|
| | § | |
| PATRICK HORSMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24-cv-00342-AW-MAF |
| | § | |
| BRETT JEFFERSON, | § | |
| RYAN ANDREWS, and | § | |
| ANDREWS LAW FIRM, P.A., | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT BRETT JEFFERSON'S RESPONSES AND**
**OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR**
**THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the applicable Local Rules for the Northern District of Florida, Defendant Brett Jefferson ("Jefferson"), by and through his undersigned counsel, hereby responds and objects to Patrick Horsman's ("Plaintiff" or "Horsman") First Set of Requests for Production of Documents to Brett Jefferson served on May 16, 2025 (each request therein, individually, a "Request" and, collectively, the "Requests"). Jefferson's Responses and Objections to each Request are provided after reasonable inquiry and are based upon information currently known or readily available to him. Jefferson reserves the right to amend, supplement, modify, or

1

correct these Responses and Objections as appropriate.

## OBJECTIONS TO DEFINITIONS

The following Objections to Definitions are incorporated into the responses below as if they are fully repeated therein where the objectionable Definitions are used in the Request.

1.    Jefferson objects to the term "Document" to the extent it purports to impose obligations on Jefferson beyond what is required by the Federal Rules, Local Rules, and/or other applicable rules or procedure of law.

2.    Jefferson objects to the term "Communications" as defined because it is duplicative of the term "Documents."

3.    Jefferson objects to the definition of "You" as vague, overly broad, and unduly burdensome. Jefferson will construe the term "You" to refer to Defendant Brett Jefferson.

4.    Jefferson objects to any reliance on terms defined in Plaintiff's First Amended Complaint to the extent they call for legal conclusions or are predicated upon unsupported legal conclusions.

5.    Jefferson objects to the definition of "Media Content" as vague, overly broad, and unduly burdensome, as it includes virtually any material referencing Patrick Horsman, regardless of its relevance to the claims in this case.

6.    Jefferson objects to the definition of "Media Content Provider" as

overly broad and unduly burdensome as it includes individuals or entities that may not be engaged in providing media content. Jefferson further objects to the definition to the extent it seeks to include lawyers and law firms, the communications and documents for which are subject to attorney-client and other relevant privileges.

7.    Jefferson objects to the definition of "Rich Gorman or Gorman" as overly broad. Jefferson will construe "Rich Gorman or Gorman" to mean Rich Gorman in his individual capacity.

## PLAINTIFF'S SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Documents concerning the $7,500 payment made by Andrews Law Office to Gorman Economics on or about May 6, 2019, including but not limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

**RESPONSE TO REQUEST NO. 1:**

Jefferson objects to Request No. 1 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by three years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client

privilege, the work-product doctrine, and/or other privileges or immunities, as any

documents or communications between Jefferson and Andrews Law Firm while

Andrews Law Firm represented Jefferson are subject to attorney-client privilege.

Jefferson further objects to this Request to the extent it seeks information outside of

Jefferson's possession, custody, or control.

Based on the foregoing Specific Objections, Jefferson will not produce

documents in response to Request No. 1.

**REQUEST NO. 2:**

Documents concerning the $6,900 payment made by Andrews Law Office to
Gorman Economics on or about May 20, 2019, including but not limited to
communications or records showing whether that payment was made on Your behalf
or using funds You provided.

**RESPONSE TO REQUEST NO. 2:**

Jefferson objects to Request No. 2 because it is not limited in scope in a

manner that is relevant to the matters in dispute or proportional to the needs of this

case, as this Request seeks information regarding a payment to Gorman Economics

without regard to whether such payment has any relevance to the claims or defenses

in this action. Jefferson further objects to this Request as overly broad and unduly

burdensome because it seeks documents pre-dating the date on which Plaintiff's

alleged claims arose by three years. Jefferson further objects to this Request to the

extent that it seeks information protected from disclosure by the attorney-client

privilege, the work-product doctrine, and/or other privileges or immunities, as any

documents or communications between Jefferson and Andrews Law Firm while

Andrews Law Firm represented Jefferson are subject to attorney-client privilege.

Jefferson further objects to this Request to the extent it seeks information outside of

Jefferson's possession, custody, or control.

Based on the foregoing Specific Objections, Jefferson will not produce

documents in response to Request No. 2.

**REQUEST NO. 3:**

Documents concerning the $10,000 payment made by Andrews Law Office
to Gorman Economics on or about June 17, 2019, including but not limited to
communications or records showing whether that payment was made on Your behalf
or using funds You provided.

**RESPONSE TO REQUEST NO. 3:**

Jefferson objects to Request No. 3 because it is not limited in scope in a

manner that is relevant to the matters in dispute or proportional to the needs of this

case, as this Request seeks information regarding a payment to Gorman Economics

without regard to whether such payment has any relevance to the claims or defenses

in this action. Jefferson further objects to this Request as overly broad and unduly

burdensome because it seeks documents pre-dating the date on which Plaintiff's

alleged claims arose by three years. Jefferson further objects to this Request to the

extent that it seeks information protected from disclosure by the attorney-client

privilege, the work-product doctrine, and/or other privileges or immunities, as any

documents or communications between Jefferson and Andrews Law Firm while

Andrews Law Firm represented Jefferson are subject to attorney-client privilege. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 3.

**REQUEST NO. 4:**

Documents concerning the $10,000 payment made by Andrews Law Office to Gorman Economics on or about November 19, 2019, including but not limited to communications or records showing whether that payment was made on Your behalf or using funds You provided.

**RESPONSE TO REQUEST NO. 4:**

Jefferson objects to Request No. 4 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding a payment to Gorman Economics without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome because it seeks documents pre-dating the date on which Plaintiff's alleged claims arose by three years. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities, as any documents or communications between Jefferson and Andrews Law Firm while Andrews Law Firm represented Jefferson are subject to attorney-client privilege.

Jefferson further objects to this Request to the extent it seeks information outside of

Jefferson's possession, custody, or control.

Based on the foregoing Specific Objections, Jefferson will not produce

documents in response to Request No. 4.

**REQUEST NO. 5:**

Documents concerning the $7,500 payment made by Andrews Law Office to
Gorman Economics on or about June 26, 2020, including but not limited to
communications or records showing whether that payment was made on Your
behalf or using funds You provided.

**RESPONSE TO REQUEST NO. 5:**

Jefferson objects to Request No. 5 because it is not limited in scope in a

manner that is relevant to the matters in dispute or proportional to the needs of this

case, as this Request seeks information regarding a payment to Gorman Economics

without regard to whether such payment has any relevance to the claims or defenses

in this action. Jefferson further objects to this Request as overly broad and unduly

burdensome because it seeks documents pre-dating the date on which Plaintiff's

alleged claims arose by two years. Jefferson further objects to this Request to the

extent that it seeks information protected from disclosure by the attorney-client

privilege, the work-product doctrine, and/or other privileges or immunities, as any

documents or communications between Jefferson and Andrews Law Firm while

Andrews Law Firm represented Jefferson are subject to attorney-client privilege.

Jefferson further objects to this Request to the extent it seeks information outside of

Jefferson's possession, custody, or control.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 5.

**REQUEST NO. 6:**

Documents related to any payment made by You or on Your behalf to Richard Gorman or any entity affiliated with him, directly or indirectly or through an intermediary, in connection with Patrick Horsman.

**RESPONSE TO REQUEST NO. 6:**

Jefferson objects to Request No. 6 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks information regarding any payment to Richard Gorman without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "in connection with" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of Request Nos. 1-5.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 7:**

Documents related to any payment or transfer of value by You to any media content provider in connection with media content concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 7:**

Jefferson objects to Request No. 7 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks all documents related to any transfer of value without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content provider" and "media content" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 6.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a

reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 8:**

Documents related to any payment made by You or on Your behalf to any individual or media content provider in connection with media content concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 8:**

Jefferson objects to Request No. 8 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents related to any payment made in connection with media content concerning Plaintiff without regard to whether such payment has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content provider" and "media content" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 6-7.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 9:**

Documents related to any agreement between You and Richard Gorman or any entity affiliated with Richard Gorman, including but not limited to Reputation Management Consultants and USA Herald in connection with media content concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 9:**

Jefferson objects to Request No. 9 because it is not limited in scope in a manner that is relevant to any party's claims or defenses or proportional to the needs of this case, as it seeks documents related to any agreement made in connection with media content concerning Plaintiff without regard to whether such agreement has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or

control.

**REQUEST NO. 10:**

Documents between You and any media content provider concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 10:**

Jefferson objects to Request No. 10 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 6-9.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 11:**

Drafts, outlines, or summaries of articles or press releases, or other media content referencing Patrick Horsman whether published or not.

**RESPONSE TO REQUEST NO. 11:**

Jefferson objects to Request No. 11 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks media content referencing Plaintiff without regard to whether such media content has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 12:**

Communications between You and Ryan Andrews or Andrews Law Firm

concerning the LGBCoin Article.

**RESPONSE TO REQUEST NO. 12:**

Jefferson objects to Request No. 12 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as overly broad and unduly burdensome as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "LGBCoin Article" requires Jefferson to draw a legal conclusion in order to respond.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 12.

**REQUEST NO. 13:**

Communications between You and Ryan Andrews or Andrews Law Firm concerning the Remcoda Article.

**RESPONSE TO REQUEST NO. 13:**

Jefferson objects to Request No. 13 to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as overly broad and unduly burdensome as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "Remcoda Article" requires Jefferson to draw a legal

conclusion in order to respond.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 13.

**REQUEST NO. 14:**

Communications between You and Ryan Andrews or Andrews Law Firm concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 14:**

Jefferson objects to Request No. 14 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 14.

**REQUEST NO. 15:**

Communications between You and Richard Gorman concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 15:**

Jefferson objects to Request No. 15 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 16:**

Communications between You and Gorman Economics concerning media

content related to Horsman.

**RESPONSE TO REQUEST NO. 16:**

Jefferson objects to Request No. 16 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15, as Gorman Economics is included in the defined term Rich Gorman.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 17:**

Communications between You and USA Herald concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 17:**

Jefferson objects to Request No. 17 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15, as USA Herald is included in the defined term Rich Gorman.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 18:**

Communications between You and Reputation Management Services concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 18:**

Jefferson objects to Request No. 18 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications concerning media content related to Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15, as Reputation Management Services is included in the defined term Rich Gorman.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 19:**

Communications between You and Catherine Davis concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 19:**

Jefferson objects to Request No. 19 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15 because Plaintiff's alleges in the First Amended Complaint that "Catherine Davis" is a pseudonym used to publish articles for the USA Herald.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 20:**

Communications between You and Jeff Waterman concerning media content

20

related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 20:**

Jefferson objects to Request No. 20 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15 because Plaintiff's alleges in the First Amended Complaint that "Jeff Waterman" is a pseudonym used to publish articles for the USA Herald.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 21:**

Communications between You and richard.gorman@vitaminenergy.com concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 21:**

Jefferson objects to Request No. 21 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 15.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 22:**

Communications between You and ops@reputationmanagement.net concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 22:**

Jefferson objects to Request No. 22 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such

communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 18.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 23:**

Communications between You and impact@directresponse.net concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 23:**

Jefferson objects to Request No. 23 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and

subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 24:**

Communications between You and ops@usaherald.com concerning media content related to Patrick Horsman.

**RESPONSE TO REQUEST NO. 24:**

Jefferson objects to Request No. 24 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 17.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or

control.

**REQUEST NO. 25:**

Documents identifying pseudonyms, usernames, or email addresses used by You to correspond with any person publishing media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 25:**

Jefferson objects to Request No. 25 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents identifying pseudonyms, usernames, or email addresses without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 26:**

Documents relating to SEO, backlinking, or syndication services used in connection with media content mentioning Patrick Horsman.

**RESPONSE TO REQUEST NO. 26:**

Jefferson objects to Request No. 26 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents relating to SEO, backlinking, or syndication services without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 27:**

Communications in which You suggested or encouraged publication of negative information about Patrick Horsman.

**RESPONSE TO REQUEST NO. 27:**

Jefferson objects to Request No. 27 because it is not limited in scope in a

manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 28:**

Invoices, receipts, or bank records evidencing any payments made in connection with the publication or dissemination of media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 28:**

Jefferson objects to Request No. 28 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks invoices, receipts, or bank records evidencing any payments made without regard to whether such documents have any relevance to the claims or

defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 1-8.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 29:**

Communications referencing "Patrick the scam artist," "American Greed," or threats to damage Plaintiff's reputation.

**RESPONSE TO REQUEST NO. 29:**

Jefferson objects to Request No. 29 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as

this Request is not limited to any applicable time period. Jefferson further objects to this Request as vague, ambiguous, and does not provide sufficient specificity as to what Plaintiff considers as a threat to damage his reputation. Jefferson further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to this litigation in Arizona, styled *Lev v. Horsman et al.*, Case No. CV2020-012256 (Ariz. Sup. Ct) ("Arizona Action"). Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 29.

**REQUEST NO. 30:**

Communications intended to damage Patrick Horsman's reputation.

**RESPONSE TO REQUEST NO. 30:**

Jefferson objects to Request No. 30 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as

this Request is not limited to any applicable time period. Jefferson further objects

this Request to the extent that it seeks documents that are already in the possession,

custody, or control of Plaintiff as evidenced in the proceedings involving the same

parties to the Arizona Action.

Based on the foregoing Specific Objections, Jefferson will not produce

documents in response to Request No. 30.

**REQUEST NO. 31:**

Communications intended to convince Patrick Horsman to pay you, or BRJ
Holdings III, LLC, money.

**RESPONSE TO REQUEST NO. 31:**

Jefferson objects to Request No. 31 because it is not limited in scope in a

manner that is relevant to the matters in dispute or proportional to the needs of this

case, as Plaintiff seeks communications without regard to whether such

communications have any relevance to the claims or defenses in this action.

Jefferson further objects to this Request as overly broad and unduly burdensome, as

this Request is not limited to any applicable time period. Jefferson further objects

this Request to the extent that it seeks documents that are already in the possession,

custody, or control of Plaintiff as evidenced in the proceedings involving the same

parties to the Arizona Action.

Based on the foregoing Specific Objections, Jefferson will not produce

documents in response to Request No. 31.

**REQUEST NO. 32:**

Documents identifying aliases or pseudonyms You used to communicate with media content providers since January 2020.

**RESPONSE TO REQUEST NO. 32:**

Jefferson objects to Request No. 32 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents identifying aliases or pseudonyms without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 25.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 33:**

Documents and communications reflecting any payments made by You to any media content provider or individual involved in publishing media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 33:**

Jefferson objects to Request No. 33 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents and communications that may relate to Patrick Horsman without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-8 and 28.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 34:**

Communications between You and any individual affiliated with the USA Herald relating to Patrick Horsman.

**RESPONSE TO REQUEST NO. 34:**

Jefferson objects to Request No. 34 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10 and 15-24.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 35:**

Documents or communications concerning the drafting, editing, or approval of any media content referencing Patrick Horsman.

**RESPONSE TO REQUEST NO. 35:**

Jefferson objects to Request No. 35 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any documents concerning "drafting, editing, or approval of any media content" without regard to whether such documents have any relevance

to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10-11 and 15-24.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 36:**

Drafts, outlines, or preliminary notes related to any media content that references Patrick Horsman.

**RESPONSE TO REQUEST NO. 36:**

Jefferson objects to Request No. 36 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any "drafts outlines, or preliminary notes related to any media content" without regard to whether such drafts, outlines, or preliminary notes have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited

to any applicable time period. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 11 and 35.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 37:**

Documents between You and any person or entity hired to assist with publicity, PR, or media content regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 37:**

Jefferson objects to Request No. 37 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents between You and other persons without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of

Request Nos. 10, 15-24, and 34.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 38:**

Documents that reference or contain the name "Catherine Davis" in connection with media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 38:**

Jefferson objects to Request No. 38 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents that reference or contain the name Catherine Davis without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 15 and 19.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 39:**

Documents that reference or contain the name "Jeff Waterman" in connection with media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 39:**

Jefferson objects to Request No. 39 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents that reference or contain the name Jeff Waterman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 15 and 20.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a

reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 40:**

Documents that reference or contain the name "Rich Gorman" or "Richard Gorman" in connection with media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 40:**

Jefferson objects to Request No. 40 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any documents referencing the name "Richard Gorman" or "Rich Gorman," without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-6, 9, 15-24, and 34.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a

reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 41:**

Communications to and from joeyrocks99@protonmail.com concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 41:**

Jefferson objects to Request No. 41 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 15-24.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 42:**

Communications to and from encrypted or anonymized platforms (e.g., ProtonMail, Signal) concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 42:**

Jefferson objects to Request No. 42 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks any communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 15-24 and 41.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 43:**

Financial records, including but not limited to bank statements and wire transfer records, reflecting payments for media content concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 43:**

Jefferson objects to Request No. 43 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks financial records without regard to whether such records have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-8, 28, and 33.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 44:**

Communications, direct or indirect, with any person at CryptoSaurus, including but not limited to a journalist, operator, or editor, relating to media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 44:**

Jefferson objects to Request No. 44 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with any person at CryptoSaurus without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of Request No. 10.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 45:**

Communications, direct or indirect, with any person at ValueWalk, including but not limited to a journalist, operator, or editor, relating to media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 45:**

Jefferson objects to Request No. 45 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this

case, as Plaintiff seeks communications with any person at ValueWalk without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of Request No. 10.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 46:**

Communications, direct or indirect, with any person at the Miami Herald, including but not limited to a journalist, operator, or editor, relating to media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 46:**

Jefferson objects to Request No. 46 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with any person at the Miami Herald without regard to whether such communications have any relevance to the claims or defenses

in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request No. 10.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 46.

**REQUEST NO. 47:**

Communications, direct or indirect, with the operator or editor of any media content provider that published articles about Patrick Horsman.

**RESPONSE TO REQUEST NO. 47:**

Jefferson objects to Request No. 47 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications with the operator of any media content provider without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time

period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 10.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 48:**

Communications where You reference "Patrick the scam artist," "fraud," or "American Greed" in connection with Patrick Horsman.

**RESPONSE TO REQUEST NO. 48:**

Jefferson objects to Request No. 48 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to this litigation in the Arizona Action. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the

attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 29.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 48.

**REQUEST NO. 49:**

Communications referencing the Remcoda Lawsuit.

**RESPONSE TO REQUEST NO. 49:**

Jefferson objects to Request No. 49 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as it seeks all communications referencing a lawsuit without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or

control.

**REQUEST NO. 50:**

Communications referencing the LGBCoin Lawsuit.

**RESPONSE TO REQUEST NO. 50:**

Jefferson objects to Request No. 50 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as it seeks all communications referencing a lawsuit without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 51:**

Documents relating to damaging or influencing the public reputation of Patrick Horsman.

**RESPONSE TO REQUEST NO. 51:**

Jefferson objects to Request No. 51 as overly broad and unduly burdensome, as this Request is not limited to any applicable time period or subject matter of documents relating to influence over Plaintiff's public reputation. Jefferson further objects to this Request on the grounds that the terms "damaging" or "influencing" are vague, ambiguous, and are subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 27 and 30.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 51.

**REQUEST NO. 52:**

Communications regarding the use of media content as leverage against Patrick Horsman.

**RESPONSE TO REQUEST NO. 52:**

Jefferson objects to Request No. 52 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this

case, as it seeks all communications regarding the use of media content without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content" and "leverage" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 27, 29, 48, and 51.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 52.

**REQUEST NO. 53:**

All documents referencing the use of pseudonymous journalists to publish content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 53:**

Jefferson objects to Request No. 53 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this

case, as it seeks all documents referencing the use of pseudonyms without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 19-20, 25, 32, 38, and 39.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 54:**

Communications regarding removal or retraction of articles involving Patrick Horsman.

**RESPONSE TO REQUEST NO. 54:**

Jefferson objects to Request No. 54 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff asserts no claim against Jefferson arising out of or relating to removal or retraction of articles written about Patrick Horsman. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is

not limited to any applicable time period. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 55:**

Communications regarding compensation or other benefits in exchange for negative publications or media content about Patrick Horsman.

**RESPONSE TO REQUEST NO. 55:**

Jefferson objects to Request No. 55 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff asserts no claim against Jefferson arising out of or relating to "negative publications or media content about Patrick Horsman." Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content," "benefits," and "negative" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this

Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 1-8, 28, and 33.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 56:**

Documents and Communications with instructions regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 56:**

Jefferson objects to Request No. 56 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as this Request seeks documents and communications regarding Plaintiff without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term

"instructions" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 56.

**REQUEST NO. 57:**

Media content referencing Patrick Horsman.

**RESPONSE TO REQUEST NO. 57:**

Jefferson objects to Request No. 57 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks media content referencing Patrick Horsman without regard to whether such content has any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information

protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 58:**

Communications, direct or indirect, with anyone at Jacobson Strategy regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 58:**

Jefferson objects to Request No. 58 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks any communications with anyone at Jacobson Strategy referencing Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 59:**

Documents or communications referencing the "Bachow v. Horsman" case.

**RESPONSE TO REQUEST NO. 59:**

Jefferson objects to Request No. 59 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications referencing a lawsuit without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 15-24.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or

control.

**REQUEST NO. 60:**

Communications in which You email court documents as attachments to media content providers regarding Patrick Horsman

**RESPONSE TO REQUEST NO. 60:**

Jefferson objects to Request No. 60 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications involving "court documents as attachments to media content providers" without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10, 15-24, 34, 37, 41-42, 47, 49-50, and 56.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 61:**

Communications in which You email court documents as attachments to Rich Gorman regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 61:**

Jefferson objects to Request No. 61 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications involving "court documents as attachments to Rich Gorman" without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 10, 15-24, 34, 37, 41-42, 47, 49-50, 56, and 60.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 62:**

Communications in which You email court documents as attachments to Ryan Andrews or Andrews Law Firm regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 62:**

Jefferson objects to Request No. 62 because it is not limited in scope in a

manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with Ryan Andrews or Andrews Law Firm without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 12-14.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 62.

**REQUEST NO. 63:**

Documents reflecting the scope of your engagement with Ryan Andrews or Andrews Law Firm regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 63:**

Jefferson objects to Request No. 63 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents reflecting Jefferson's "scope of engagement" with Ryan Andrews or Andrews Law Firm without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this

Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 63.

**REQUEST NO. 64:**

Documents reflecting payments to Ryan Andrews or Andrews Law Firm relative to Patrick Horsman.

**RESPONSE TO REQUEST NO. 64:**

Jefferson objects to Request No. 64 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents reflecting payments to Ryan Andrews or Andrews Law Firm relative to Patrick Horsman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 7, 28, 43, and 55.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 64.

**REQUEST NO. 65:**

Invoices from Ryan Andrews or Andrews Law Firm regarding Horsman and Gorman.

**RESPONSE TO REQUEST NO. 65:**

Jefferson objects to Request No. 65 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all invoices from Ryan Andrews or Andrews Law Firm regarding Horsman and Gorman without regard to whether such invoices have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 7, 28, 43, and 55.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 65.

**REQUEST NO. 66:**

Documents referring to or discussing "reputation management" services

concerning Patrick Horsman.

**RESPONSE TO REQUEST NO. 66:**

Jefferson objects to Request No. 66 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents related to reputation management services without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "reputation management services" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 9, 18, and 22.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 67:**

Communications with anyone at Andrews Law about the USA Herald, CryptoSaurus, or any other media content provider that published articles involving

Patrick Horsman.

**RESPONSE TO REQUEST NO. 67:**

Jefferson objects to Request No. 67 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with "anyone at Andrews Law" about any media content provider that has ever published any article about Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media content provider" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 12-14 and 62.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 67.

**REQUEST NO. 68:**

Communications referencing or proposing the use of negative press to coerce or pressure Patrick Horsman for financial or business purposes.

**RESPONSE TO REQUEST NO. 68:**

Jefferson objects to Request No. 68 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case as this Request seeks communications without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "negative press" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27, 29, 48, 52, and 55.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 68.

**REQUEST NO. 69:**

Documents and communications instructing or requesting the publication of media content linking Patrick Horsman to criminal investigations, fraud, or

regulatory violations.

**RESPONSE TO REQUEST NO. 69:**

Jefferson objects to Request No. 69 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27 and 56.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 70:**

Documents reflecting planning or collaboration involving media content relative to Patrick Horsman.

**RESPONSE TO REQUEST NO. 70:**

Jefferson objects to Request No. 70 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents reflecting planning or collaborating involving media content without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media content," "planning," and "collaborating" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 71:**

Documents evidencing referrals or recommendations to media professionals or PR operatives for the purpose of promoting media content about Horsman.

**RESPONSE TO REQUEST NO. 71:**

Jefferson objects to Request No. 71 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents evidencing referrals or recommendations to media professionals without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 37.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 72:**

Documents and communications in which the publication of negative information about Horsman was discussed.

**RESPONSE TO REQUEST NO. 72:**

Jefferson objects to Request No. 72 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications about "publication of negative information" without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "publication" and "negative information" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27, 52, 55, and 68.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 72.

**REQUEST NO. 73:**

Communications between You and any person at Hildene Capital that relate to Patrick Horsman and media coverage or online publications.

**RESPONSE TO REQUEST NO. 73:**

Jefferson objects to Request No. 73 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications between Jefferson and "any person at Hildene Capital" regarding Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "media coverage" and "online publications" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 74:**

Communications, direct or indirect, between You and any bank or financial institution that reference or relate to Patrick Horsman.

**RESPONSE TO REQUEST NO. 74:**

Jefferson objects to Request No. 74 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications between Jefferson and "bank or financial institution" relating to Patrick Horsman without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 28 and 43.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 75:**

Documents and communications in which You discussed using media

content, including but not limited to articles about Patrick Horsman, to influence, pressure, or induce action by any bank or financial institution with which Patrick Horsman had a relationship.

**RESPONSE TO REQUEST NO. 75:**

Jefferson objects to Request No. 75 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications between Jefferson and "any bank or financial institution" that may have any sort of relationship with Patrick Horsman, whether in a personal or business capacity without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "influence," "pressure," "induce," and "financial institution" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 28, 43, and 74.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or

control.

**REQUEST NO. 76:**

Documents sufficient to identify all email addresses, aliases, or usernames You have used to communicate about Patrick Horsman, including but not limited to but not limited to any accounts associated with Hildene Capital, or ProtonMail.

**RESPONSE TO REQUEST NO. 76:**

Jefferson objects to Request No. 76 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents evidencing email addresses or online accounts used by Jefferson, whether in a personal or business capacity, without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "identify" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request as duplicative of Request No. 25.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 77:**

All communications between You and Richard Gorman sent from any email address associated with Hildene Capital that relate to Patrick Horsman.

**RESPONSE TO REQUEST NO. 77:**

Jefferson objects to Request No. 77 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications between You and Richard Gorman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of numerous Requests, including, but not limited to, Request Nos. 15-24 and 34.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce any non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 78:**

Account      startup      documents      for      the      email      address

joeyrocks99@protonmail.com.

**RESPONSE TO REQUEST NO. 78:**

Jefferson objects to Request No. 78 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks account startup documents for an email address without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "startup documents" is vague, ambiguous, and subject to multiple interpretations.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 79:**

Documents and communications concerning the creation, purpose, use, or access of the email address joeyrocks99@protonmail.com.

**RESPONSE TO REQUEST NO. 79:**

Jefferson objects to Request No. 79 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all documents and communications concerning the "creation,

purpose, use, or access" of an email without regard to whether such documents and communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "creation," "purpose," "use," or "access" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 80:**

Documents sufficient to show whether You searched the joeyrocks99@protonmail.com account for emails responsive to these Requests, and if You contend that no emails exist in that account, all documents supporting or explaining that contention.

**RESPONSE TO REQUEST NO. 80:**

Jefferson states that no emails exist in the joeyrocks99@protonmail.com email account pursuant to ProtonMail's standard retention policy. Jefferson therefore does not have documents responsive to this Request.

**REQUEST NO. 81:**

Documents reflecting communications in which You discussed using negative media content about Patrick Horsman as a means to pressure him, extract value from him, or gain leverage in any legal, business, or financial matter.

**RESPONSE TO REQUEST NO. 81:**

Jefferson objects to Request No. 81 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents reflecting communications without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the terms "pressure," "extract value from," and "gain leverage in any legal, business, or financial matter" are vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request as duplicative of Request Nos. 27, 52, 55, 68, and 75.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 81.

**REQUEST NO. 82:**

All documents concerning the removal, retraction, editing, or deindexing of any article or media content referencing Patrick Horsman.

**RESPONSE TO REQUEST NO. 82:**

Jefferson objects to Request No. 82 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents concerning the removal, retraction, editing, or deindexing of any article or media content referencing Patrick Horsman without regard to whether such documents have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request seeks communications concerning "media content," which includes any documents referencing Plaintiff. Jefferson further objects to this Request on the grounds that the term "media content" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 54.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 83:**

Communications between You and the Miami Herald regarding Patrick Horsman.

**RESPONSE TO REQUEST NO. 83:**

Jefferson objects to Request No. 83 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks communications regarding Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of Plaintiff as evidenced in the proceedings involving the same parties to the Arizona Action. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 46.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 83.

**REQUEST NO. 84:**

Communications between You and any non-party regarding Patrick Horsman and media publications.

**RESPONSE TO REQUEST NO. 84:**

Jefferson objects to Request No. 84 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with any person who is not a party to this case regarding Plaintiff without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request on the grounds that the term "media publications" is vague, ambiguous, and subject to multiple interpretations. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request No. 25.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or

control.

**REQUEST NO. 85:**

Documents and communications regarding the Cease and Desist Notice dated September 1, 2022 which was sent to the USA Herald and forwarded to you.

**RESPONSE TO REQUEST NO. 85:**

Jefferson objects to Request No. 85 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents and communications regarding a cease and desist notice without regard to whether such notice has any relevance to the claims or defenses in this action. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 86:**

Documents and communications regarding communications in early September 2022 with Gorman subsequent to the Cease and Desist Notice dated September 1, 2022 which was sent to the USA Herald and forwarded to you.

**RESPONSE TO REQUEST NO. 86:**

Jefferson objects to Request No. 86 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents and communications regarding a cease and desist notice without regard to whether such notice has any relevance to the claims or defenses in this action. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 87:**

Documents and communications regarding communications in early September 2022 with Andrews subsequent to the Cease and Desist Notice dated September 1, 2022 which was sent to the USA Herald and forwarded to you.

**RESPONSE TO REQUEST NO. 87:**

Jefferson objects to Request No. 87 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks documents and communications regarding a cease and desist

notice without regard to whether such notice has any relevance to the claims or defenses in this action. Jefferson further objects to this Request to the extent it seeks information outside of Jefferson's possession, custody, or control. Jefferson further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities.

Based on the foregoing Specific Objections, Jefferson will not produce documents in response to Request No. 87.

**REQUEST NO. 88:**

Communications between You and any party or non-party regarding the August 27, 2022 Defamatory Remcoda Article.

**RESPONSE TO REQUEST NO. 88:**

Jefferson objects to Request No. 88 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with any person who is not a party to this case without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to

this Request as duplicative of Request Nos. 13 and 49.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 89:**

Communications between You and any party or non-party regarding the May 29, 2023 Defamatory LGBCoin Article.

**RESPONSE TO REQUEST NO. 89:**

Jefferson objects to Request No. 89 because it is not limited in scope in a manner that is relevant to the matters in dispute or proportional to the needs of this case, as Plaintiff seeks all communications with any person who is not a party to this case without regard to whether such communications have any relevance to the claims or defenses in this action. Jefferson further objects to this Request as overly broad and unduly burdensome, as this Request is not limited to any applicable time period. Jefferson further objects to this Request to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other privileges or immunities. Jefferson further objects to this Request as duplicative of Request Nos. 12 and 50.

Notwithstanding the foregoing Specific Objections, Jefferson will perform a reasonable search for documents responsive to this Request and produce non-

privileged documents, if any, that are within Jefferson's possession, custody, or control.

**REQUEST NO. 90:**

Produce all documents relating to the following May 30, 2023 email from Gorman to your joeyrocks99@protonmail.com email address:

> Under the first 15k I will do another article on the LGBCoin case, pushing to get the lawyer to add Horsman individually and I will work to shift social media to pointing Horsman as the "guy behind the iron curtain." FYI I have already gotten crypto media outlets to pick up the story, check it: https://cryptosaurus.tech/patrick-horsman-and-business-partner-thomas-mclaughlin-wrapped-up-in-lgbcoin-classaction-lawsuit/

> I'll do the Bachow v Horsman article for another $15k, it's a 74 page complaint and needs a lot of research. We'll write 2 articles on it. It will take 3-4 days to get the first article one, need to fully research. Will tie it into the other 2 articles. Deal?

**RESPONSE TO REQUEST NO. 90:**

Jefferson states that he does not have documents responsive to this Request.

**REQUEST NO. 91:**

Produce all documents constituting your response to the following May 30, 2023 email from Gorman to your joeyrocks99@protonmail.com email address:

> Under the first 15k I will do another article on the LGBCoin case, pushing to get the lawyer to add Horsman individually and I will work to shift social media to pointing Horsman as the "guy behind the iron curtain." FYI I have already gotten crypto media outlets to pick up the story, check it: https://cryptosaurus.tech/patrick-horsman-and-business-partner-thomas-mclaughlin-wrapped-up-in-lgbcoin-classaction-lawsuit/

> I'll do the Bachow v Horsman article for another $15k, it's a 74 page

complaint and needs a lot of research. We'll write 2 articles on it. It will take 3-4 days to get the first article one, need to fully research. Will tie it into the other 2 articles. Deal?

**RESPONSE TO REQUEST NO. 91:**

Jefferson states that he does not have documents responsive to this Request.

Dated: June 16, 2025                    Respectfully submitted,


**WOLLMUTH MAHER &
DEUTSCH LLP**
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300

*/s/ David H. Wollmuth*
David H. Wollmuth (*pro hac vice*)
Joshua M. Slocum (*pro hac vice*)
Maxwell G. Dillan (*pro hac vice*)
dwollmuth@wmd-law.com
jslocum@wmd-law.com
mdillan@wmd-law.com

and

**GREENBERG TRAURIG, P.A.**
David C. Ashburn
Fla. Bar No. 0708046
101 East College Avenue
Post Office Drawer 1838
Tallahassee, FL 32301
Phone 850-222-6891
Fax 850-521-1379
ashburnd@gtlaw.com

***Attorneys for Defendant Brett
Jefferson***