IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PATRICK HORSMAN,**

    **Plaintiff,**

v.                                           Case No. 4:24-cv-342-AW-MAF

**BRETT JEFFERSON,
RYAN ANDREWS, and
ANDREWS LAW FIRM, P.A.,**

    **Defendants.**

_____/

## **ORDER FOLLOWING HEARING**

This order confirms (and in some instances supplements) the rulings from today's hearing.

1. Plaintiff's renewed motion to compel (ECF No. 99) is GRANTED in part as set out below.

    a. The motion is DENIED as to Interrogatory No. 5.

    b. The motion is GRANTED as to Interrogatory No. 9. Jefferson must supplement with a complete explanation of his agreement with the specified persons.

    c. The motion is GRANTED as to Interrogatory Nos. 10, 12, 14, and 17. Jefferson must supplement with complete information dating back to 2019.

    d. The motion is DENIED as to Interrogatory No. 21.

    e. The motion is GRANTED as to Interrogatory No. 22. Jefferson must supplement with complete information dating back to 2019.

1

      f.      The motion is GRANTED as to Requests for Production Nos. 1-11, 15-18, 21-24, 26, 28, 33, 35, and 43-45. Jefferson must provide responsive documents dating back to 2019.

      g.      The motion is GRANTED as to Request for Production No. 41. Jefferson must provide responsive documents dating back to 2019.

      h.      The motion is GRANTED as to Request for Production No. 46. Jefferson must provide responsive documents dating back to 2019. Alternatively, if he contends he has had no such communications, he may submit to Plaintiff a sworn statement explicitly saying so.

      i.      The motion is GRANTED as to Request for Production No. 68. Jefferson must provide responsive documents dating back to 2019.

      j.      The motion is DENIED as to Request for Production No. 80.

2.      No later than January 12, 2026, Jefferson must complete the supplemental production required by this order.

3.      Pursuant to Rule 37, expenses (including fees) are awarded to Plaintiff. They will be apportioned based on the partial success. The parties must confer regarding an appropriate amount of expenses. No later than December 16, 2025, they must file a joint report stating either (a) they have agreed to a resolution regarding expenses or (b) they have not. If it is the latter, the court will refer the matter to the magistrate judge.

4.      The deadline for Plaintiff to depose Jefferson, Gorman, or Andrews is extended to February 12, 2026. The deadline to complete discovery otherwise remains December 26, 2025. If the discovery ordered above gives rise to additional discovery Plaintiff seeks (that could not have been anticipated earlier), Plaintiff may

pursue such discovery no later than February 12, 2026, but only with either a stipulation of the parties or a court order (after appropriate motion).

      5.      The motion to defer ruling on the summary-judgment motion (ECF No. 92) is GRANTED. Plaintiff's deadline to respond to the motion is extended to March 5, 2026. Defendant's deadline to reply is extended to March 19, 2026.

      6.      The parties' obligation to mediate is abrogated.

      7.      Plaintiff's *ore tenus* motion to extend the expert-disclosure deadline is DENIED without prejudice.

      8.      The clerk will reset the trial for the period that begins June 23, 2026. Parties may file a notice of schedule conflict no later than seven days from today.

      SO ORDERED on December 12, 2025.

                                      s/ *Allen Winsor*
                                      Chief United States District Judge