**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

Case No. 4:24-cv-342-ACW-MAF

PATRICK HORSMAN,

     Plaintiff,

v.

BRETT JEFFERSON,

     Defendant.

_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Patrick Horsman, through counsel, respectfully moves for an award

of attorneys' fees and expenses against Defendant Brett Jefferson pursuant to

Federal Rule of Civil Procedure 37 and this Court's prior order granting Plaintiff's

motion to compel, stating as follows:

1.     December 12, 2025, the Court granted Plaintiff's Renewed Motion to

Compel Discovery Responses from Defendant, ordering supplemental responses to

be served by Defendant on 35 of 38 contested discovery requests, including

Interrogatories 9, 10, 12, 14, 17, and 22 and Requests for Production Nos. 1, 2, 3, 4,

5, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 21, 22, 23, 24, 26, 28, 33, 35, 41, 43, 44, 45, 46,

and 68.

2.      The Court awarded expenses, including attorneys' fees, to Plaintiff, to be apportioned based on Plaintiff's partial success on the motion.

3.      Plaintiff prevailed on 35 of 38 contested requests (approximately 92 percent).

4.      On December 18, 2025, the Honorable Magistrate Judge Martin A. Fitzpatrick entered an order directing Plaintiff to submit a statement of costs with an explanation of time spent in filing the motion to compel, supported by contemporaneous time records.

5.      In compliance with that order, Plaintiff submits the Declaration of Kenneth E. Chase and his billing records, reflecting time reasonably incurred in preparing the motion to compel, engaging in Rule 37 conferences, preparing joint submissions, and performing other work necessary to obtain the relief granted under Rule 37.

6.      As further support, Plaintiff submits the Declaration of Elijah A. Levitt, a former Miami-Dade County Court Judge and member of the Florida Bar, who opines that a reasonable hourly rate for Mr. Chase in this matter is $495 and that 47.5 hours were reasonably and necessarily expended, yielding a lodestar of $23,512.50.

7.      Judge Levitt further opines that Plaintiff's litigation expenses in connection with the motion to compel, in the amount of $1,401.64, are reasonable under Rule 37.

8.      Judge Levitt expended 1.5 hours at a rate of $550 per hour in reviewing the materials and preparing his expert declaration, for an additional expert fee of $825.00.

9.      The total amount of fees and expenses reasonably incurred as a result of Defendant's discovery noncompliance is therefore $25,739.14, consisting of $23,512.50 in attorneys' fees and $2,226.64 in costs, including the expert fee.

10.     Plaintiff has apportioned those fees and costs to reflect the Court's directive, reducing them by 8 percent, consistent with the 92 percent success rate on the 35 of 38 contested discovery requests, and thus seeks $23,680.01, which is 92 percent of the $25,739.14 supported by Judge Levitt's declaration.

## MEMORANDUM OF LAW

Federal Rule 37(a)(5)(A) provides that when a motion to compel is granted, or the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the non-moving party's position was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P.

3

37(a)(5)(A). Rule 37(b)(2)(C) similarly mandates that if a party fails to obey a discovery order, "the court must order the disobedient party…to pay the reasonable expenses, including attorney's fees, caused by the failure," absent substantial justification or other circumstances. Fed. R. Civ. P. 37(b)(2)(C).

In this Circuit, a reasonable attorneys' fee award is determined by the lodestar method, "multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). The lodestar may then be adjusted up or down depending on the results obtained and other relevant factors. *Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). Courts look to evidence such as counsel's experience, prior fee awards, and expert testimony to determine the appropriate rate.

As set forth in the undersigned Plaintiff's counsel's declaration, he was admitted to the Florida Bar in 2005, has substantial experience in complex civil litigation and commercial disputes, and regularly practices in federal court, including

this District. Chase's 2025 hourly rate of $495 reflects his experience, skill, and reputation and is consistent with the prevailing market rate for attorneys of similar background handling contested federal discovery disputes in the Northern District of Florida. Judge Levitt, relying on his judicial experience and familiarity with fee awards in Florida, independently confirms that $495 per hour is a reasonable rate for Chase in this matter.

Chase's contemporaneous billing records, which have been reviewed and culled for duplicative or non-compensable time, show that 47.5 hours were reasonably expended on work directly related to the discovery dispute and motion to compel, including reviewing deficient discovery, conferring with opposing counsel, drafting and revising the motion and amended motion to compel, preparing joint submissions, conducting legal research, and preparing for and attending the hearing. He reduced his time from 48.6 to 47.5 hours consistent with Judge Levitt's opinion and further exercised billing judgment by eliminating or reducing non-essential entries.

Applying the lodestar method, the requested 47.5 hours at $495 per hour yields $23,512.50 in reasonable attorneys' fees. Plaintiff also incurred $1,401.64 in out-of-pocket litigation expenses for travel and lodging directly associated with the motion to compel and related proceedings, which Judge Levitt opines are reasonable and appropriately recoverable under Rule 37, plus $825.00 in expert fees for Judge

Levitt's work evaluating the records and preparing his declaration, for total costs of $2,226.64.

The combined lodestar and costs for the Rule 37 discovery dispute total $25,739.14. Consistent with the Court's directive to apportion expenses based on partial success, Plaintiff has reduced that total by 8 percent to reflect that the Court granted relief on 35 of 38 contested requests, resulting in a requested award of $23,680.01. That across-the-board reduction properly accounts for the three requests on which Plaintiff did not prevail and is a reasonable application of the "results obtained" factor recognized by the Eleventh Circuit.

The hours and costs sought are limited to those reasonably caused by Defendant's discovery noncompliance and the work necessary to obtain and enforce the Court's order compelling responses, and there is no indication that Defendant's position was substantially justified or that other circumstances would render a fee award unjust. Accordingly, Rule 37(a)(5) and 37(b)(2)(C) require that the Court award Plaintiff these reasonable expenses.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Awarding Plaintiff attorneys' fees in the amount of $21,631.50 and costs in the amount of $2,048.51, for a total of $23,680.01, representing 92 percent of the $25,739.14 in fees and expenses reasonably incurred as a result of Defendant's discovery noncompliance;

6

2. Directing Defendant Brett Jefferson to pay this amount to Plaintiff's counsel within 30 days of the Court's order;

3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By:   /s/ Kenneth E. Chase
      Kenneth E. Chase
      Florida Bar No. 017661
      kchase@chaselaw.com
      Chase Law & Associates, P.A.
      951 Yamato Road, Suite 280
      Boca Raton, FL 33431
      Telephone: (305) 402-9800

      *Counsel for Plaintiff Patrick Horsman*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves electronic notice to all counsel of record, on January 5, 2026.

By:   /s/ Kenneth E. Chase
      Kenneth E. Chase