# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PATRICK HORSMAN,**

    **Plaintiff,**

**vs.**                                                                          **Case No. 4:24cv342-AW-MAF**

**BRETT JEFFERSON,**

    **Defendants.**

_____/

## O R D E R

This cause is before the Court upon referral from Chief United States District Judge Allen Winsor, ECF No. 109, and pursuant to Local Rule 72.3. The issue before the Court is the proper amount of attorney fees and expenses to be assessed following entry of an Order, ECF No. 106, granting Plaintiff's renewed motion to compel, ECF No. 99.[1]

Plaintiff's renewed motion to compel included a request for reasonable expenses, including attorneys' fees, pursuant to Rule

---

[1] Notably, the renewed motion to compel, ECF No. 99, was filed after the denial of a prior motion to compel, ECF No. 78. Judge Winsor required Plaintiff to file the renewed motion and clearly set forth the specific discovery requests which were still at issue after the parties properly conferred. ECF No. 98.

37(a)(5)(A).  *Id.* at 3, 20.  After a nearly 2½ hour hearing on the matter, *see* ECF No. 105, Judge Winsor granted Plaintiff's motion in large part.  ECF No. 106.[2]  The parties were required to confer as to the appropriate amount of expenses and fees to be awarded Plaintiff pursuant to Rule 37.  *Id.* at 2.  They subsequently advised that they could not agree as to Plaintiff's fees and expenses, ECF No. 107, and this case was referred to the undersigned.  ECF No. 109.

Because it is not possible to determine the "reasonable expenses incurred" without reviewing Plaintiff's statement of costs, Plaintiff was required to file an explanation of time spent in filing the renewed motion to compel as reflected in contemporaneous time records.  ECF No. 111.  Defendant was then afforded an opportunity to respond and show good cause why Plaintiff should not be afforded the costs requested.  *Id.*

On January 5, 2026, Plaintiff filed the instant motion for attorney's fees and expenses pursuant to Federal Rule of Civil Procedure 37.  ECF No. 114.  As Plaintiff "prevailed on 35 of 38 contested requests" in the

---

[2] Of the 8 Interrogatories at issue in the motion to compel, the renewed motion was granted as to 6 of the Interrogatories and only 2 were denied.  ECF No. 106 at 1.  Of the 29 requests for production which were challenged, the motion to compel was granted as to all but one.  *Id.* at 2.  Thus, relief was granted as to 35 of the 38 discovery requests.  ECF No. 106; *see also* ECF No. 114 at 3.

renewed motion to compel, Plaintiff now seeks a total award of $25,739.14, consisting of $23,512.50 in fees and $2,226.64 in costs. *Id.* at 3.

On January 9, 2026, Defendant filed his opposition to Plaintiff's motion. ECF No. 115. Defendant argues that Plaintiff is seeking far more than the "reasonable expenses incurred in making" the renewed motion to compel and points out that District Judge Winsor indicated that Plaintiff should only recover "approximately 30%" of his expenses. *Id.* at 1, 4. Furthermore, Defendant has advised that the amount now requested "is more than three times the $7,500 estimate that Plaintiff" previously gave to Judge Winsor. *Id.* at 5.

**Analysis**

Rule 37 permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If such a "motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Notably, Rule 37(a)(5)(C) grants the Court "discretion in deciding whether to award reasonable expenses, including attorney's fees." Bumgarner v. Sanofi US Servs., Inc., No. 8:23-CV-1178-MSS-SPF, 2024 WL 3826251, at *2 (M.D. Fla. Aug. 15, 2024).

At the outset, it is noted that Defendant does not argue that Plaintiff is not entitled to expenses and attorney fees; rather, Defendant's dispute is focused on the amount to be awarded. ECF No. 115. Defendant contends Plaintiff should only be awarded $2,855.89 as fees and expenses. *Id.* at 11. Moreover, Defendant does not ague that the hours expended or expenses listed were excessive or unreasonably inflated. ECF No. 115. Thus, the Court has reviewed Plaintiff's request for fees and expenses with a focus on the "reasonable expenses incurred in making the motion" to compel. Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff's renewed motion to compel, ECF No. 99, was filed on October 2, 2025. That is the relevant time period for determining Plaintiff's reasonable expenses. However, Plaintiff's request for fees and expenses is supported by Exhibit A which seeks expenses from June 25, 2025, through September 19, 2025. ECF No. 114-1. The explanation of those time entries concerns such matters as analyzing discovery responses, "meet and confer," communications and preparations regarding conferrals, drafting the first motion to compel, analyzing opposition to the first motion to compel, filing motion for leave to file a reply concerning the first motion

to compel, drafting a joint report on discovery matters, and ultimately filing the joint report.  ECF No. 114-1 at 8.

The Court agrees with Defendant that such matters are not recoverable because they were not incurred in connection with filing the October renewed motion to compel.  ECF No. 115.  Conducting discovery and related communications are "beyond the scope" of making a Rule 37(a)(5) motion and are simply "part of the attorneys' general duties in conducting discovery . . . ."  Precision IBC, Inc. v. Phoenix Chem. Techs., LLC, No. CV 15-00637-C, 2016 WL 10805747, at *4 (S.D. Ala. Dec. 1, 2016); Deforest v. Johnny Chisholm Glob. Events, LLC, No. 3:08cv498-MCR-EMT, 2010 WL 1791913, at *2 (N.D. Fla. May 4, 2010) (agreeing that "many of the entries included in the time records of Plaintiff's counsel would have been necessary" as part of discovery and not dependent on a motion to compel); *see also* Diaz v. Goat Express, LLC, No. 3:20cv3986-TKW-HTC, 2020 WL 12861692, at *2 (N.D. Fla. Dec. 1, 2020), amended, No. 3:20cv3986-TKW-HTC, 2021 WL 8199932 (N.D. Fla. May 12, 2021) (excluding a request for expenses pursuant tot Rule 37 which included "reviewing discovery responses, which Defendants' counsel would have to undertake regardless of whether a motion to compel was filed").  Put

simply, counsel is not entitled to fees for drafting, responding to, or reviewing discovery requests as "those fees would have been incurred even if there had not been a discovery dispute." Nutrien Ag Sols., Inc. v. Atkinson, No. 1:20-CV-224 (WLS), 2022 WL 8219202, at *2 (M.D. Ga. June 13, 2022) (citing to Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002)).  Because Plaintiff seeks fees related to ordinary discovery obligations, those requests must be denied.

Furthermore, Plaintiff seeks fees which were related to the first motion to compel, which was denied.  Those fees are not recoverable either as they are not reasonable expenses related to the renewed motion to compel.  Weaver v. Stringer, Civil Action No. 1:18cv00052-N, 2019 WL 1495279, at *5 (S.D. Ala. Apr. 4, 2019) (denying fees for first motion to compel which was denied, but awarding fees and expenses incurred in connection with filing a renewed motion to compel which was granted in part); Odom v. Navarro, No. 09-21480-CIV, 2010 WL 547652, at *4 (S.D. Fla. Feb. 11, 2010) (stating, "Rule 37(a)(5)(A) provides for an award of the expenses incurred in filing a motion to compel, not the expenses incurred in trying to obtain discovery responses before filing a motion to compel.").

Moreover, it is worth noting that pursuant to Rule 37(a)(5)(B), when a motion to compel is denied, "the court must not order [payment of expenses] if the motion was substantially justified or other circumstances make an award of expenses unjust." In this case, the circumstances do not make an award of expenses "just" as Plaintiff's first motion to compel, ECF No. 78, was denied. ECF No. 98. Indeed, the dispute was not reasonably framed as the parties did "not even agree as to whether certain matters were raised" in Plaintiff's first motion to compel. *See* ECF No. 98. Furthermore, Plaintiff's leave to file a reply, ECF No. 83, was also denied. ECF No. 93. Plaintiff cannot now seek fees for filing the first motion to compel or the reply because it is not a reasonable expense incurred in submitting the renewed motion to compel.

After eliminating the fees associated with the June through September 19, 2025, time entries, Plaintiff is left with $ 8,316.00 in fees for the 6 entries listed between September 24, 2025, and December 12, 2025. ECF No. 114-1 at 8. That amount is far closer to the amount Plaintiff

initially estimated were the fees associated with filing the renewed motion to compel during the hearing with Judge Winsor.[3]

Judge Winsor advised at the hearing on the renewed motion to compel that Plaintiff should be granted "some expenses" in filing the motion, but "certainly not the full amount for a number of reasons." ECF No. 115-1 at 72. He was leaning to awarding fees and expenses of "approximately 30%," but directed the parties to confer on the amount and if they could not agree, the matter would be referred to the magistrate judge to determine. *Id.* at 72-73. The parties could not agree. ECF No. 107.

Review of this matter now reveals that Plaintiff's renewed motion to compel was granted in substantial part, but the ultimate victory was marginal. For example, the primary issue to be decided was a simple time-period issue. Defendant had cabined discovery to 2022-2023, and the Court found Plaintiff was entitled to disclosures from 2019 forward. Once that issue was decided, the rulings were simplified - because the same objections were rejected, the outcome would be the same. *See* ECF No.

---

[3] During the December 12, 2025, hearing on Plaintiff's renewed motion to compel, counsel for Plaintiff was asked the amount of the total expenses incurred. ECF No. 115-1 at 72. Counsel answered, "About 7,500, Your Honor." *Id.*

Case No. 4:24cv342-AW-MAF

115-1 at 43. Thus, almost every request for production that was granted was for the time period beginning in 2019. Otherwise, only 5 of the requests dealt with relevancy, and only 1 request was granted in overruling a "vague and ambiguous" objection. Furthermore, although better responses to interrogatories and production were compelled, many responses would simply amount to clarifying the prior response given. Plaintiff was victorious in large part, but the victories were small.[4]

Judge Winsor rejected Defendant's argument that Plaintiff made a rush to the courthouse without a good faith effort to resolve the issues. ECF No. 115-1 at 72. However, both parties were found deficient in the conferral process; several issues could have been simplified by better communication. *Id.* at 48, 72. In general, however, the defense was not fully cooperative, making it necessary to file the renewed motion to compel.

The Court must apply the "lodestar" method to determine the compensable amount of attorney's fees and expenses. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988). The lodestar is "properly calculated by multiplying the number of hours

---

[4] By finding that the victories were small, the Court does not mean to suggest that the information produced would not be meaningful or beneficial, only that the time frame issue was not a difficult legal battle.

reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984) (quoted in Water Tree Ventures, 2019 WL 13162409, at *1. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303 (citing Hensley v Eckerhart, 461 U.S. 424, 437 (1983)) (quoted in 2019 WL 13162409, at *1). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

First, the hourly rate requested for Plaintiff's counsel - $495 - was not contested. ECF No. 114 at 5. The Court accepts that $495 per hour is a reasonable rate and consistent with the prevailing market.

Second, Plaintiff won on 35 of the 38 contested discovery requests, but as noted above, the discovery compelled - for the most part - simply required Defendant to go back in time to 2019, whereas Defendant had attempted to limit the time period to 2022-2023. Although the initial discovery requests were not all limited by time, Plaintiff ultimately requested disclosures from 2019 forward, ECF No. 99 at 2, which was granted. ECF No. 106.

Judge Winsor suggested in the hearing that only a portion of expenses should properly be awarded, likely just 30%, Plaintiff has not demonstrated that he should be awarded more. Indeed, Plaintiff has not argued that 30% of his fee request is insufficient or inappropriate. It if were not for Defendant's provision of the hearing transcript, ECF No. 115-1, the undersigned would have been unaware of the Court's leaning. Without acknowledging that conversation, Plaintiff's instant motion merely seeks an award that is "consistent with the 92 percent success rate" in having 35 of 38 requests granted. ECF No. 114 at 3. Plaintiff "seeks $23,680.01, which is 92 percent of the $25,739.14" which Plaintiff claimed in the instant motion. *Id.*

The Court finds that the time reasonably expended in making the renewed motion to compel was 16.8 hours; that is for the 6 time entries listed between September 24, 2025, and December 12, 2025. ECF No. 114-1 at 8. Payment for 16.8 hours, paid at $495.00 per hour, is $8,316.00. However, as explained above, the victories were minor in nature, and the undersigned concurs with Judge Winsor's assessment that the fee assessed should not be for the full amount sought. While Plaintiff could have done better in the conferral process, the Defendant could have

cooperated more. The parties share equal blame. In light thereof, Plaintiff's counsel should be awarded 50% of the $8,316.00 amount, which is $4,158.00 in attorney's fees.

The Court also finds that Plaintiff is only entitled to his claimed expenses of $1,401.64, and not the additional $875.00 expense in obtaining the expert witness declaration to support the motion, ECF No. 114. Defendant is correct that Plaintiff cannot recover for expenses made in seeking the recovery of attorney fees under Rule 37. *See* ECF No. 115 at 10 (citing to Water Tree Ventures, LLC v. Giles, No. 3:18cv1421-MCR-HTC, 2019 WL 13162409, at *2 (N.D. Fla. July 3, 2019) ("any time sought associated with the recovery of fees is not compensable under Rule 37") (citing to Weaver, 2019 WL 1495279, at *5); *see also* Diaz, 2020 WL 12861692, at *2 (same)). Thus, Plaintiff is not entitled to recover expenses pertaining to the $825 expert fee for Judge Levitt's work in evaluating the records and preparing a declaration. That is not an expense which was incurred in making the motion to compel.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for attorney's fees and expenses, ECF No. 114, is **GRANTED in part**.

2. Plaintiff is awarded attorney's fees of $4,158.00 and expenses of $1,401.64, for a total award of $5,559.64.

3. Defendant must submit payment to Plaintiff no later than **February 12, 2026**.

**DONE AND ORDERED** on January 15, 2026.

> S/   Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**